(9 App. Div. 570.)

EINSTEIN v. GENERAL ELECTRIC CO. et al.

(Supreme Court, Appellate Division, First Department. November 6, 1896.)

DEPOSITIONS—OPEN COMMISSION—AFFIDAVIT.

    An affidavit for an open commission does not show that the examination of any witness named is material for either party on the trial of any issue of fact (Code Civ. Proc. § 894), where it alleges that plaintiff will be put to proof of the main facts alleged in the complaint, compelled to prove them by the books of certain corporations, and by the testimony of the past and present officers and agents of such corporations; that plaintiff does not know the names of the persons who formerly had, or now have, the custody of such books and papers, and that he desires to examine all the individual defendants, and all the agents and officers of one of the corporations; that the testimony desired to be taken is material to plaintiff in the prosecution of the action, but that he is ignorant of many of the details relating to the facts alleged in the complaint, without which he could not frame interrogatories sufficiently comprehensive to procure the information required to prove the facts in the case.

Appeal from special term, New York county.

Action by David L. Einstein against the General Electric Company et al. From an order directing that an open commission issue to examine various individuals, residents of Cleveland, Ohio, defendant the General Electric Company appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Eugene H. Lewis, for appellant.

George W. Seligman, for respondent.

INGRAHAM, J. The order appealed from directed that an open commission issue to examine on oath any witness who may be produced before the commissioner by either plaintiff or the defendant General Electric Company on or before the 20th day of November, 1896, at a time and place within the city of Cleveland, Ohio, to be specified on written notice by either of said parties

to the other, upon oral questions to be put to the witness thus produced under the issues in the action; the order limiting the witnesses to be called to the individual defendants residing in Cleveland, Ohio, and the present and past officers, agents, and servants of the defendant General Electric Company, of the Swan Lamp-Manufacturing Company, or of the Brush Electric Company of Cleveland, Ohio; the order then limiting the examination in certain particulars. We think this order was entirely unauthorized. The action is brought to recover $25,000 damages sustained by the plaintiff as a stockholder of the Swan Lamp-Manufacturing Company; it being claimed "that by reason of the above wrongful acts complained of, on the part of the General Electric Company and of the Swan Lamp-Manufacturing Company and its officers and directors, the business of said Swan Lamp-Manufacturing Company was entirely and definitely stopped, and its property and rights were entirely absorbed by the General Electric Company." The order was granted upon the pleadings, and the affidavit of the plaintiff's attorney, setting forth the ownership of the plaintiff in the stock of the Swan Lamp-Manufacturing Company, the various acts under which the General Electric Company was organized, the purchase of the stock of the Swan Lamp-Manufacturing Company by the General Electric Company, except the stock belonging to the plaintiff, and various acts of the defendants by which it is claimed that the stock of the plaintiff was rendered worthless. The affidavit then alleges that the plaintiff will be necessarily put to the proof of the main facts alleged in the complaint, compelled to prove the same by the books of record, the minute books, and other books of said Swan Lamp-Manufacturing Company and of the Brush Electric Company of Cleveland, Ohio, and also of the testimony of the past and present officers, agents, and servants of the General Electric Company, of the Swan Lamp-Manufacturing Company, and of the Brush Electric Company of Cleveland, Ohio, residing in Cleveland, Ohio. The deponent then says, on information and belief, that plaintiff does not know the names of the persons who formerly had or now have the control and custody of the said books and papers, and that he desires to examine all the individual defendants residing in Cleveland, Ohio, and all the other servants, agents, officers, or persons otherwise under the control of the said General Electric Company; that the testimony desired to be taken is material to the plaintiff in the prosecution of the suit, but that he is ignorant of many of the details relating to the facts alleged in the complaint, without which he (the deponent) could not frame interrogatories sufficiently comprehensive to procure the information required to prove the facts in the case; and that the plaintiff is absent in Europe, and that is why he does not make the affidavit. It seems to us that this affidavit is entirely insufficient to justify the issuance of any commission. By section 887 of the Code it is provided that:

"Where it appears, by affidavit, on the application of either party, that the testimony of one or more witnesses, not within the state, is material to the applicant, a commission may be issued, to one or more competent persons,

named therein, authorizing them, or any one of them, to examine the witness or witnesses named therein, under oath, upon the interrogatories annexed to the commission."

And by section 894 it is provided that, where an issue of fact is joined in an action pending in the supreme court and other courts, the court to which an application for a commission is made may, in its discretion, upon satisfactory proof by affidavit that one or more witnesses, not within the state, are material and necessary in the prosecution or defense of the action, make an order, upon such terms as he deems proper, directing that an open commission issue. To justify the issuance of an open commission in any case, it must appear that the testimony of the witness whose examination is sought is material to some issue joined in the action, and the necessity of a commission must appear. We think the affidavit in this case fails to show that the examination of any witness named is material to either party upon the trial of any issue of fact. No particular witness is named who can testify to any fact which is material. The plaintiff's attorney who makes the affidavit says that he does not know the name of any witness who can testify. What he wants to do is to get an order under which he can subpoena such persons as he pleases in Cincinnati, examine them to ascertain whether or not they will testify to any facts which he thinks will aid the cause of action, and thus, by somewhat of a fishing examination, at the expense of the defendants, see if the facts exist which would give him a cause of action. We do not think that such an object can be accomplished by the issuance of an open commission. As was said by Van Brunt, P. J., in delivering the opinion of the general term of the supreme court in Lentilhon v. Bacon, 20 N. Y. Supp. 488:

"It is the well-settled rule that an open commission should never be granted, except under peculiar circumstances, and certainly not upon the motion of the plaintiff, without the strongest and most convincing reasons, as the granting of such a motion upon behalf of the plaintiff would simply be transferring the trial of the cause to a jurisdiction different from that in which he has seen fit to place the venue."

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.