PEOPLE ex rel. STEINSON v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

1. MANDAMUS—DELAY IN APPLYING FOR WRIT.
   Mandamus to reinstate a teacher in the public schools, on the ground that he had been unlawfully removed, will not be granted where he permitted nearly six years to elapse before making application for such writ.

2. SAME—EXCUSE—LEGAL PROCEEDINGS.
   The persistent prosecution of a fruitless proceeding, in defiance of successive decisions of the courts, will not excuse delay in the institution of a proper proceeding.

Appeal from special term, New York county.

Mandamus by the people, on the relation of George Steinson, against the board of education of the city of New York. From an order denying his application for a peremptory writ commanding defendant to reinstate him as a teacher in the public schools of the city, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and PARKER, JJ.

J. C. Thompson, for appellant.
Terence Farley, for respondent.

PARKER, J. Prior to the month of September, 1886, the relator was examined by the state superintendent of public instruction as to his qualifications as a teacher. The outcome was a certificate duly issued and delivered to him, which gave him authority to teach in any public school within this state. Subsequently a provisional license was issued to him by the city superintendent of schools of the city of New York, which on its face purported to give him authority to teach in the public schools of such city for the period of six months, and thereupon he was appointed by the school trustees of the First ward as an assistant teacher in Grammar School No. 29. Upon the expiration of this provisional license, it was renewed by the city superintendent on the same terms, and from time to time thereafter renewals were granted to the relator, the last of which expired on the 12th day of March, 1890, at which time a further renewal was refused. It was claimed by the local school authorities that thereupon he became dis-

qualified to teach, and he was thereafter prevented from teaching. Thereupon the relator took an appeal to the state superintendent of public instruction, pursuant to the provisions of section 1039 of the consolidation act. Upon such appeal a hearing was had before the state superintendent, at which the relator and the board of education of the city of New York were, respectively, represented by counsel. Thereafter, and on the 15th day of July, 1890, the state superintendent filed a decision with the clerk of the board of education of the city of New York, in which it was determined that the relator had been unlawfully deprived of his position, and that he was entitled to exercise the functions and receive the emoluments of a teacher until such time as his certificate should be revoked by competent authority, or he removed from his position in the manner provided by statute. Immediately thereafter the relator tendered his services as teacher, and made demand of the proper authorities that he be allowed to exercise the functions of assistant teacher in Grammar School No. 29; but the offer of his services was rejected, his demand not heeded, and since that time he has not been engaged in teaching. On June 5, 1896, nearly six years after the making of the decision by the state superintendent of public instruction, the relator instituted this proceeding, by which he seeks to obtain a peremptory writ of mandamus commanding the board of education of the city of New York to reinstate him in his position as a teacher in the public schools of the city of New York.

The order of the special term denying his application must be affirmed, on the ground that the relator was guilty of laches in permitting so long a period of time as nearly six years to elapse before making the application. People v. Justices of Court of General Sessions, 78 Hun, 334, 29 N. Y. Supp. 157; People v. Collis, 6 App. Div. 467, 39 N. Y. Supp. 698. The excuse which the relator offers for his delay in making this application is that he instituted a proceeding by mandamus to compel the payment of the salary of a teacher to him in 1890, and that the decision of the court of appeals therein was not made until March 13, 1896 (43 N. E. 989), a little over two months and a half before this proceeding was instituted. If it be assumed that a mistake in the selection of a remedy can ever operate as an excuse for delay in instituting a proper proceeding, certainly the facts of this case do not. On the 13th day of January, 1891, the court, at special term, denied his motion for a peremptory writ of mandamus to compel the payment of his salary as a teacher; and by that decision he was advised that he was mistaken in his remedy. Nevertheless, he appealed to the general term, which court, in June, 1891 (15 N. Y. Supp. 308), affirmed the order of the special term; and, in the opinion of the court delivered by Mr. Justice Patterson, it was pointed out that the proceeding was one to compel the payment to him of the sum alleged to be due as salary, and not for reinstatement in his place as teacher. But instead of heeding the suggestion of the court, and instituting the proper proceeding, the relator elected to wait until a decision of the court of appeals should be had; and he prosecuted the appeal with so little diligence that not until nearly four years thereafter was the case submitted to that court, the result of which was an affirmance

upon the opinion of the general term. Persistence in the prosecution of a fruitless proceeding, in defiance of decisions of the courts, cannot be held to excuse delay in the institution of a proper proceeding.

The order should be affirmed, with $50 costs and printing disbursements. All concur.