. PREDIGESTED FOOD CO. v. SCOTT et al.

(Supreme Court, Appellate Division, First Department. April 7, 1898.)

1. DEPOSITIONS—COMMISSION.
    Under Code Civ. Proc. § 887, the witnesses, not within the state, to be examined by commission, must be named therein.

2. SAME—OPEN COMMISSIONS.
    Open commissions, upon the part of a plaintiff, to examine witnesses out of the state, will not be granted, except under peculiar circumstances, and only upon the strongest and most convincing reasons.

Appeal from special term.

' Action by the Predigested Food Company against Alfred B. Scott and Samuel W. Bowne. From an order denying a motion of plaintiff for a commission to examine, upon oral questions, certain witnesses named, and such other witnesses as might be produced by either party, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Barclay E. V. McCarty, for appellant.
C. De Hart Brower, for respondent.

VAN BRUNT, P. J.   It is manifest that, under section 887 of the Code of Civil Procedure, the witnesses to be examined by commission must be named therein.   It is also well settled that open commissions, upon the part of the plaintiff, to examine witnesses out of the state, will not be granted, except under peculiar circumstances, and without the strongest and most convincing reasons, as the granting of such a motion upon behalf of the plaintiff simply transfers the trial of the cause to a jurisdiction different from that in which the plaintiff has seen fit to place the venue.   Einstein v. Electric Co., 9 App. Div. 570, 41 N. Y. Supp. 808.   Applying this rule to the case at bar, it is manifest that no such reasons have been shown.   It is claimed upon the part of the plaintiff and appellant that the moving papers give the exact facts which are sought to be proved by each of the witnesses named in the commission.   It is evident, therefore, that there would be no difficulty whatever in the framing of suitable interrogatories in order to bring out the testimony which the plaintiff knows that each witness will give.   Instead of the circumstances developed by the papers showing any necessity for an open commission, they clearly established the impropriety of allowing the testimony to be taken in any such unusual manner.

The order should be affirmed, with $10 costs and disbursements. All concur.