# Cases

# FIRST DEPARTMENT

IN THE

## APPELLATE DIVISION,

### April, 1898.

---

THE PREDIGESTED FOOD COMPANY, Appellant, *v.* ALFRED B. SCOTT
and SAMUEL W. BOWNE, Respondents.

*An open commission not granted when the facts to be testified to by the proposed
witnesses are specifically stated in the moving papers.*

An open commission to examine, orally, witnesses without the State of New
York will not be granted where the moving papers show the exact facts sought
to be proved by each of the witnesses named, as in such case there can be no
difficulty in framing interrogatories which will disclose such facts in the testi-
mony to be given in response thereto.

APPEAL by the plaintiff, The Predigested Food Company, from
an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of New
York on the 9th day of February, 1898, denying the plaintiff's
motion for an open commission to examine without the State upon
oral questions certain witnesses named in the commission and such
other witnesses as might be produced by either party.

*Barclay E. V. McCarty*, for the appellant.

*Charles De Hart Brower*, for the respondents.

VAN BRUNT, P. J.:

It is manifest that, under section 887 of the Code of Civil Pro-
cedure, the witnesses to be examined by commission must be named
therein. It is also well settled that open commissions upon the part
of the plaintiff to examine witnesses out of the State will not
be granted except under peculiar circumstances and without the

strongest and most convincing reasons, as the granting of such a motion upon behalf of the plaintiff simply transfers the trial of the cause to a jurisdiction different from that in which the plaintiff has seen fit to place the venue. (*Einstein* v. *General Electric Co.*, 9 App. Div. 570.) Applying this rule to the case at bar, it is manifest that no such reasons have been shown.

It is claimed upon the part of the plaintiff and appellant that the moving papers give the exact facts which are sought to be proved by each of the witnesses named in the commission. It is evident, therefore, that there can be no difficulty whatever in the framing of suitable interrogatories in order to bring out the testimony which the plaintiff knows that each witness will give. Instead of the circumstances developed by the papers showing any necessity for an open commission, they clearly established the impropriety of allowing the testimony to be taken in any such unusual manner.

The order should be affirmed, with ten dollars costs and disbursements.

BARRETT, RUMSEY, PATTERSON and McLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.