SUN PRINTING & PUBLISHING ASS'N v. ABBEY EFFERVESCENT SALT CO. (three cases).

(Supreme Court, Appellate Division, First Department. June 7, 1901.)

1. PLEADING—APPEAL—DISMISSAL.
   Where, after orders had been entered striking out part of the answer and granting judgment because the answer was sham and frivolous, defendant asked leave to serve an amended answer, he was precluded by his acceptance of the leave from appealing from the orders.

2. SUPPLEMENTAL ANSWER—ALLOWANCE—ABUSE OF DISCRETION.
   Code Civ. Proc. § 723, provides that the court may on the trial, or at any other stage of an action, amend any pleading or correct any mistake, in the furtherance of justice. Held that, where the necessity for

serving a supplemental answer was due entirely to inadvertence in preparing the original, it was not an abuse of discretion to allow it to be served.

Appeals from special term, New York county.

Action by the Sun Printing & Publishing Association against the Abbey Effervescent Salt Company. From an order permitting defendant to file an amended answer, plaintiff appeals. Affirmed. From an order striking out part of the answer and from an order granting judgment because the answer was a sham and frivolous, defendant appeals. Appeals dismissed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Franklin Bartlett, for plaintiff.
L. Laflin Kellogg, for defendant.

McLAUGHLIN, J. There are three separate appeals from orders in this action which are designated as 1, 2, and 3, and a separate record is presented on each appeal. The appeals were argued together, and, inasmuch as the material facts necessary to a proper disposition of the questions presented on the appeals do not appear in any one record, we consider them in the same way in which they were argued, and determine them together.

Appeal No. 1 is taken by the plaintiff from an order permitting the defendant to serve an amended answer upon certain conditions specified in the order appealed from. Appeals Nos. 2 and 3 are taken by the defendant,—No. 2 from an order striking out the fifth paragraph of defendant's further defense on the ground that the same is irrelevant; and No. 3 from an order overruling the defendant's answer as to what is termed the first cause of action set out in the complaint, on the ground that the same is sham and frivolous, and directing judgment for the amount claimed. After the orders striking out a portion of the defendant's answer and directing judgment had been made and entered, the defendant, upon the basis of those orders, applied to and obtained from the court at special term leave to serve an amended answer correcting the defects alleged to have existed in the answer originally served. The application was addressed to the discretion of the court, and, when leave was given, it was as a favor to the defendant. Having obtained this favor by reason of the existence of such orders, the defendant was thereafter precluded from appealing from them. It could not accept a favor from the court by reason of their existence, and thereafter assert that the orders had been improperly made, or be heard to question their validity. For this reason, each appeal taken by the defendant must be dismissed, with $10 costs and disbursements.

As to appeal No. 1,—that is, the one taken by the plaintiff from the order permitting the defendant to serve an amended answer,—we are of the opinion that it was within the discretion of the court to determine whether or not such leave should be granted. Whether an amendment of a pleading shall be allowed is generally a matter of discretion of the court at special term. Deyo v. Morss, 144 N.

Y. 216, 39 N. E. 81. That the court has power to grant such leave cannot be seriously questioned. Section 723 of the Code of Civil Procedure provides that the court may, upon the trial or at any other stage of the action, before or after judgment, in furtherance of justice, amend any process, pleading, or other proceeding by adding or striking out the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case. The discretion of the court at special term can, of course, be reviewed, but it will not be interfered with on appeal unless it clearly appears that it has been improperly exercised.

According to the affidavit of one Briton, who is the agent and general manager of the defendant, the omission in the answer by reason of which a portion of it was stricken out and judgment ordered "was due entirely to inadvertence"; and the court at special term, having considered that allegation in connection with the other facts alleged, reached the conclusion, as appears from the opinion, that the amendment should be "granted, in furtherance of justice." It does not appear that the discretion conferred upon the court at special term to permit amendments was improperly exercised, and for that reason the order appealed from by the plaintiff is affirmed, with $10 costs and disbursements. All concur.