(66 App. Div. 542.)

STEWART v. RUSSELL et al.

(Supreme Court, Appellate Division, First Department. December 6, 1901.)

1. DEPOSITIONS—OPEN COMMISSION—AFFIDAVITS.

On plaintiff's motion for an open commission to take the testimony of certain named and unnamed witnesses out of the state, the affidavit of plaintiff's attorney averred that an open commission was desired, that plaintiff had disclosed to him what he expected to prove by named witnesses, and that the names of the other witnesses could not be given without consulting plaintiff. The affidavit of an attorney in fact averred that it would be impracticable to frame interrogatories covering the evidence, as he had been informed by counsel. *Held,* that as an open commission to examine witnesses out of the state will not be granted, except under peculiar circumstances, and only when facts show the necessity

for resorting to that practice, the grounds stated were insufficient upon which to issue such a commission.

**2. SAME—SECURITY FOR COSTS.**

The fact of plaintiff having given security for costs in the action cannot be considered in determining whether a commission to take the testimony of certain named and unnamed witnesses out of the state should issue, for the security was given because the defendants were entitled thereto by statute.

Appeal from special term, New York county.

Action by John Stewart against Horace Russell and another, executors and trustees of the will of Henry Hilton, deceased. From an order granting plaintiff's motion for an open commission to take the testimony of certain named and unnamed witnesses, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Jabish Holmes, Jr., for appellants.
Franklin D. Peale, for respondent.

McLAUGHLIN, J. The appeal here is from an order granting plaintiff's motion that an open commission issue to take the testimony of certain witnesses named, and such others as may be produced, at Belfast, Ireland. We know of no authority which justifies the granting of such a commission upon the facts set out in this record. An open commission to examine witnesses out of the state will not be granted, except under peculiar circumstances, and then only when the facts stated show the necessity for resorting to that course of practice. Food Co. v. Scott, 28 App. Div. 59, 50 N. Y. Supp. 896; Einstein v. Electric Co., 9 App. Div. 570, 41 N. Y. Supp. 808. Here all that appears is that the plaintiff's attorney swears that he desires an open commission, and the attorney in fact swears that the plaintiff's attorney has advised him that it would be practically impossible to frame interrogatories so as to cover all the evidence to be proved by the witnesses desired to be examined. Not a single fact is alleged in either of the affidavits showing the necessity for an open commission. On the contrary, it appears from the affidavit of the attorney that the plaintiff has disclosed to him what he expects to prove by the witnesses named, and, if this statement be true, then there is no difficulty in framing interrogatories sufficient to elicit the testimony sought to be obtained; and as to the other witnesses, whose names are not given, the affidavit states that the attorney cannot give them until after he has had a consultation with his client. If he cannot give the names of the witnesses until he has consulted with his client, it is difficult to see, in the absence of a statement of facts bearing upon the subject, or what he could prove by them, how the attorney knows that their testimony would be material. Indeed, the only reason assigned by the attorney, in fact (and an affidavit of the client is not presented), is "that it will be practically impossible to frame interrogatories so as to cover all the evidence to be proved by the witnesses, as he is advised by counsel and verily believes." Not a single fact to sup-

port this conclusion is given, and all the counsel says on the subject is that "he desires an open commission." Manifestly, an open commission cannot be granted upon such proof. If it could, then it could be granted in any case, irrespective of the proof presented.

The fact that the plaintiff has given security for costs has no bearing upon the subject, and cannot be considered in determining whether or not the commission shall issue. The defendant in an action has a right, in certain cases, given to him by statute, to demand security for costs; and the fact that security was here given was because the defendants were entitled, under the statute, to the same.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

