1902.) Action by Ella D. Spencer as administratrix, etc., against the town of Sardinia.

PER CURIAM. Order affirmed, with costs, on opinion of Hardin, P. J., in same case, reported in 42 App. Div. 472, 59 N. Y. Supp. 412. All concur, except HISCOCK, J., not voting.

SPROULE v. DAVIES et al. (Supreme Court, Appellate Division, Second Department. April 18, 1902.) Action by Mary Jane Sproule, as trustee, etc., against Sarah Davies and others. No opinion. Motion for leave to appeal to the court of appeals granted.

STANDARD NAT. BANK v. GARFIELD NAT. BANK. (Supreme Court, Appellate Division, First Department. May 9, 1902.) Action by the Standard National Bank against the Garfield National Bank. No opinion. Motion denied, with $10 costs.

STEEFEL et al:, v. ROTHSCHILD. (Supreme Court, Appellate Division, Second Department. May 29, 1902.) Action by Barnard L. Steefel and Joseph L. Steefel against Jacob Rothschild.

PER CURIAM. We know of no practice to justify this court in resettling the order, as requested by both sides. The questions which the parties desire reviewed can only be reviewed upon an appeal from final judgment, in accordance with our decision. Motion denied.

STEINSON v. BOARD OF EDUCATION. (Supreme Court, Appellate Division, First Department. April 25, 1902.) Action by George Steinson against the board of education. No opinion. Motion denied, on payment of $10 costs, and, upon payment of an additional $10, leave given to apply to the court below to open default.

STEINSON, Appellant, v. BOARD OF EDUCATION, Respondent. (Supreme Court, Appellate Division, First Department. May 9, 1902.) Action by George Steinson against the board of education. G. Steinson, in pro. per. T. McIlvaine, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 58 N. Y. Supp. 734, 63 N. Y. Supp. 128, and 71 N. Y. Supp. 1149.

STEWART, Respondent, v. HYDRAULIC CONST. CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 29, 1902.) Action by Robert L. Stewart against the Hydraulic Construction Company. No opinion. Judgment affirmed, with costs.

STEWART v. MAYOR, ETC. (Supreme Court, Appellate Division, First Department. April 18, 1902.) Action by Robert L. Stewart against the mayor, etc. No opinion. Motion granted, without costs.

STEWART, Appellant, v. RUSSELL et al., Respondents. (Supreme Court, Appellate Division, First Department. April 11, 1902.) Action by John Stewart against Horace Russell and another. F. D. Peale, for appellant. J. Holmes, Jr., for respondents. No opinion. Order affirmed, with $10 costs and disbursements. See 73 N. Y. Supp. 249.

STIVERS, Appellant, v. HAWLEY et al., Respondents. (Supreme Court, Appellate Division, Second Department. May 1, 1902.) Action by Mary Elizabeth Moore Stivers against Frederick B. Hawley and Charles G. Moore, as executors, etc., of Rufus M. Stivers, deceased, and others. No opinion. Judgment affirmed, with costs.

STONE v. HALE et al. (Supreme Court, Appellate Division, First Department. May 16, 1902.) Action by Charles H. Stone, as sole executor, against Lucy A. Hale, as executrix, and another. No opinion. Motion granted.

STRAHL et al., Appellants, v. SHEINDELMAN, Respondent. (Supreme Court, Appellate Division, Second Department. May 29, 1902.) Action by Robert Strahl and another against Samuel Sheindelman. No opinion. Judgment of the municipal court affirmed, with costs.

SUN PRINTING & PUB. ASS'N, Respondent, v. ABBEY EFFERVESCENT SALT CO., Appellant. (Supreme Court, Appellate Division, First Department. April 25, 1902.) Action by the Sun Printing & Publishing Association against the Abbey Effervescent Salt Company. L. L. Kellogg, for appellant. F. Bartlett, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 70 N. Y. Supp. 871.

SUYDAM, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 29, 1902.) Action by Jessie Suydam against the Brooklyn Heights Railroad Company.

PER CURIAM. We think this judgment and order should be reversed, for the erroneous charge that the plaintiff could recover something without proof of injury, which error, in our opinion, was not adequately corrected by the subsequent charge of the learned court. Judgment and order reversed, and new trial granted; costs to abide the event.

SWEET, Appellant, v. CORBIT et al., Respondents. (Supreme Court, Appellate Division, Second Department. April 18, 1902.)