(89 App. Div. 126.)

WESTINGHOUSE, CHURCH, KERR & CO. v. REMINGTON SALT CO.

(Supreme Court, Appellate Division, Third Department. December 1, 1903.)

1. PLEADINGS—AMENDMENT—APPEAL—QUESTIONS CONSIDERED.

The sufficiency of a counterclaim contained in an amended answer, and the merits of the controversy, should not be considered on appeal from an order granting a motion to serve the answer.

2. SAME—DISCRETION OF COURT—REVIEW ON APPEAL.

Permission to amend an answer rests in the sound discretion of the court, which should not be disturbed unless clearly abused.

Appeal from Special Term, Tompkins County.

Action by Westinghouse, Church, Kerr & Co. against the Remington Salt Company. From an order granting defendant's motion to serve an amended answer, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Edward T. Magoffin, for appellant.

J. H. Jennings, David M. Dean, and Jared T. Newman, for respondent.

CHESTER, J. It does not appear that the sufficiency of the moving papers was questioned at the Special Term on the ground that the affidavit was made by the attorney, and not by an officer of the defendant. If it had been, and the motion had been denied on that ground, the court would undoubtedly have granted leave to renew upon proper papers. More than this, the affidavit which the attorney made shows that he had personal knowledge on the question of laches, which we think was excused, and the proposed amended answer was verified by an officer of the defendant.

We do not think that upon this appeal we should consider the sufficiency of the counterclaim contained in the amended answer, nor undertake a discussion of the merits of the controversy. These can better be disposed of on the trial than upon the affidavits appearing in the record.

The granting of the order allowing the amendment rested in the sound discretion of the court at Special Term, and, unless there was a clear abuse of that discretion, it should be affirmed. Sun Printing & Publishing Ass'n v. Abbey Salt Co., 62 App. Div. 54, 70 N. Y. Supp. 871. No such abuse appears here.

The order should be affirmed, with $10 costs and disbursements. All concur.

¶ 2. See Appeal and Error, vol. 3, Cent. Dig. § 3825.