ISRAEL LEVY, Respondent, *v.* DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

Fourth Department, January 7, 1925.

Carriers — carriers of goods — action for loss of goods in transit while defendant railroad was under government control — defendant admitted that at time of delivery it was corporation engaged in operating railroad and received goods in question — motion for leave to serve amended answer setting up government control — facts were known to defendant at time of original answer and action against Director-General of Railroads was barred at time of motion — motion properly denied.

In an action to recover the value of goods lost in transit, in which the complaint alleged that the defendant was, at the time the goods were delivered, a corporation operating a railroad in this State, and that the goods were delivered to it, and the answer admitted the allegation, a motion by the defendant to serve an amended answer setting up that at the time the goods were delivered the railroad was under government control, and that, therefore, the plaintiff had sued the wrong party, will be denied in view of the admission by the defend-

ant that the goods were delivered to it, and since all of the facts were known to the defendant at the time the original answer was served, and the plaintiff's remedy against the Director-General of Railroads was barred at the time the motion was made.

The defendant will be held bound by its admission that it was operating a railroad at the time the goods were delivered, and will not be permitted, after the plaintiff's remedy against the Director-General of Railroads is barred, to change its position to the detriment of the plaintiff, since there is no question of public interest or rights involved which would authorize the defendant to reverse its position.

While the court may take judicial notice that the government had control of the railroad at the time the goods were delivered, that knowledge will not be used to aid the defendant for the purpose of barring the plaintiff's remedy.

·APPEAL by the defendant, Delaware, Lackawanna and Western Railroad Company, from two orders of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 26th day of June and the 27th day of August, 1924, respectively, the first denying the defendant's motion for judgment on the pleadings, and the second denying its motion for leave to serve an amended answer.

*Locke, Babcock, Spratt & Hollister* [*Evan Hollister* of counsel], for the appellant.

*I. G. Holender* [*Frank F. Williams* of counsel], for the respondent.

CLARK, J.:

This action was brought on the 2d day of March, 1921, for the value of goods delivered to defendant and consigned to plaintiff at Buffalo.

In his complaint plaintiff alleged that at the time of the commencement of the action, and on the 17th day of February, 1920, when the goods in question were delivered to defendant, it was a foreign corporation, and engaged in operating a line of railroad between New York city and Buffalo, and its business was that of a common carrier between said points.

These allegations of the complaint were admitted in defendant's answer, but all other material allegations of the complaint were denied on information and belief.

At the time the shipment in question was delivered to defendant, February 17, 1920, the railroad was being operated by the government, which took possession December 28, 1917, under certain acts of Congress and proclamations of the President, and continued in possession and operation of defendant's railroad up to the 1st day of March, 1920. (See Army Appropriations Act of 1916 [39 U. S. Stat. at Large, 645], § 1; Federal Control Act [40 id. 451, chap. 25], as amd.; Transportation Act of 1920 [41 id. 457], § 200; Proc.

Pres. Dec. 26, 1917, and Jan. 10, 1919, 40 U. S. Stat. at Large, 1733, 1734, 1922.)

On the 28th day of February, 1920, an act of Congress was passed providing that all actions for losses arising during Federal control should be brought against an agent designated by the President, within two years from February 28, 1920. (See Transportation Act of 1920 [41 U. S. Stat. at Large, 461], § 206; Proc. Pres. March 11, 1920; May 14, 1920, and March 26, 1921, 41 U. S. Stat. at Large, 1789, 1794; 42 id. 2237, 2238.)

This action was for loss of goods when defendant railroad was in possession of the government, and under its control, but instead of the action being brought against an agent designated by the President, it was brought against the corporation.

Defendant then moved at Special Term for judgment on the pleadings, and for a dismissal of the complaint, on the ground that plaintiff had brought the action against the wrong party, and the motion was denied. Defendant thereupon moved for leave to serve an amended answer, by which it denied that the goods in question were delivered to it, and alleged that at the time of the delivery of the goods defendant railroad was under control and operation of the government, and that the shipment was delivered to the Director-General of Railroads, and not to defendant.

This motion was denied on the ground that the facts were fully known to defendant at the time its original answer was served, and that the Statute of Limitations had run against any claim which plaintiff might have made against the Director-General of Railroads.

By its original answer defendant admitted that it was a common carrier and operating a railroad between New York and Buffalo, and received the goods.

In any matter which involves their individual rights, the parties may agree upon the existence or truth of certain facts which they wish to present to the court for adjudication. They may agree to a submission of a controversy upon an agreed statement of facts. (Civ. Prac. Act, § 546.) If the parties are satisfied, the court will not concern itself whether these are the actual facts. They may so agree by admissions in pleadings, in which case a party having once admitted facts alleged must abide by his admission, although he much desires to prove the contrary. (*Kuester* v. *Paige Sales Co.*, 209 App. Div. 294, 296; *Pennacchio* v. *Greco*, 107 id. 225; *Thompson* v. *Postal Life Ins. Co.*, 226 N. Y. 363.) Even after amendment, an admission in an original pleading is evidence of the fact admitted. (*Kelly* v. *St. Michael's R. C. Church*, 148 App. Div. 767.) They may agree by stipulation not only upon

the facts but upon waiver of statutory or constitutional rights, and thereby make the law for their proceeding, and thus become estopped from denying that there is another law applicable to their rights. (*Vose* v. *Cockcroft,* 44 N. Y. 415; *Cox* v. *N. Y. C. & H. R. R. R. Co.,* 63 id. 414; *Matter of N. Y., L. & W. R. R. Co.,* 98 id. 447, 453; *Cowenhoven* v. *Ball,* 118 id. 231, 235.)

Where a party has through inadvertence, mistake or other cause made an admission or entered into a stipulation as to facts which are not true, there is, of course, power in the court to furnish relief in the exercise of sound judicial discretion upon good cause shown and in furtherance of justice. (*Donovan* v. *Twist,* 119 App. Div. 734; *Morris* v. *Press Pub. Co.,* 98 id. 143; *Roth* v. *Schloss,* 6 Barb. 308; *Carnegie Steel Co.* v. *Cambria Iron Co.,* 185 U. S. 403; 36 Cyc. 1294.) But where a party seeks to amend a pleading which has admitted facts, or to be relieved from a stipulation to the same effect which has been relied or acted upon by the other party, and to grant relief would prejudice substantial rights of the latter, the court should not exercise its discretion in thus changing the situation of the parties. (Civ. Prac. Act, § 105; *Mark* v. *City of Buffalo,* 87 N. Y. 184; *Morris* v. *Press Pub. Co., supra; Matter of Richardson,* 118 App. Div. 164.)

The plaintiff, relying on the admissions in defendant's answer, has by the expiration of time and the running of the statutory limitation lost his right to recover from the Director-General of Railroads, as agent, who without doubt was the proper party to sue for the claim. We may assume that the plaintiff's attorney knew that at the time the cause of action arose the railroad was being operated by the government; we may be certain that at all times the defendant's counsel knew it. Nevertheless, they agreed upon the facts to govern their individual rights. We see no question of public interest or rights in this case furnishing reason or grounds to permit defendant to change its position to the detriment of plaintiff. (*Mutual Loan Assn.* v. *Lesser,* 81 App. Div. 138; *Jacobs* v. *Mexican Sugar Ref. Co.,* 115 id. 499; *Matter of Prentice,* 155 id. 480.)

The court may upon trial, where the issue is in actual dispute, take judicial notice of such facts as that the government, during the war, was in possession and control of certain property. (*Wilks* v. *N. Y. Tel. Co.,* 208 App. Div. 542, 546; *Davidson* v. *Payne,* 289 Fed. 69.) But judicial knowledge will not commonly aid a pleading, nor be exercised to regulate the mode of bringing controversies into court and of stating and conducting them. (*Arkansas* v. *Kansas, etc., Coal Co.,* 183 U. S. 185, 190; 31 Cyc. 47.)

We, therefore, cannot grant the defendant's motion for judgment

if the answer stands with its admissions of material facts. To permit an amendment now would leave plaintiff without a remedy.

The order should, therefore, be affirmed, with ten dollars costs and disbursements on each appeal.

HUBBS, P. J., DAVIS, CROUCH and TAYLOR, JJ., concur.

On each appeal order affirmed, with ten dollars costs and disbursements.