JOHN J. WARD and Another, Plaintiffs, *v.* DAVEGA CITY RADIO, INC., and CROSLEY DISTRIBUTING CORPORATION, Defendants.

City Court of New York, Special Term, Bronx County, June 14, 1937.

*Herbert F. Hastings, Jr.*, for the motion.

*George D. Stewart*, opposed.

DONNELLY, J. Motion by defendant Crosley Distributing Corporation for reargument, and, upon such reargument, to grant the application of said defendant for leave to serve amended answer withdrawing and denying certain admissions in its original answer.

Not a single case is cited by the movant's attorney which may be used in support of the pending application. *Sun Printing & Pub. Assn.* v. *Abbey Salt Co.* (62 App. Div. 54); *Muller* v. *City of Philadelphia* (113 id. 92) and *Goldstein* v. *Goldsmith* (243 id. 268) certainly have no application. In none of those cases was the question at bar presented. *Horan* v. *Hastorf* (223 N. Y. 490) is cited as authority for the proposition: " Remedy for inadvertent admission is to seek leave to amend answer." In that case the inadvertence arose out of the defendant's failure correctly to understand the duty assumed by him under a permit from the city of New York. The motion by defendant to amend his answer was not made until the trial. It was held that, as defendant had no strict legal right to amend at the trial, the exception to the trial court's ruling in denying his motion for leave to amend his answer, presented no question of law.

At bar, the movant's verified answer was served December 10, 1935. In answer to this defendant's demand, plaintiffs served a bill of particulars on or about October 13, 1936, giving a complete statement of plaintiffs' claims. The application for leave to serve an amended answer was not made until May 20, 1937, almost on the eve of the trial. In the affidavit in support of this motion, it is alleged that the former attorney was responsible for the preparation of the answer in this case, and that since then (when is not definitely stated) there has been a substitution of attorneys for the movant. No excuse is given by the movant for its laches. Plaintiffs' failure to notice the cause for trial does not justify the movant's procrastination. In applications like the present one, diligence must be shown. When unduly prolonged delay in moving ensues, good faith is not established. And it is reasonable to suppose that when there has been a substitution of attorneys, the new attorney should promptly examine the pleadings. It is difficult to conceive of anything more important than the pleadings. They should state the issues which counsel are retained to prosecute or defend. At bar, the pleadings were not examined

by the substituted attorney until about seventeen months after the joinder of issue, and then only because plaintiffs' attorney moved to examine defendants before trial. The movant's attorney must have known that a party once having admitted facts alleged, must abide by his admission, although he much desires to prove the contrary. (*Levy* v. *D., L. & W. R. R. Co.*, 211 App. Div. 503, 505, and cases cited.) It is equally certain that he knew he was not entitled successfully to invoke the exercise of the court's discretion, unless he showed he had moved with reasonable dispatch. In *Muller* v. *City of Philadelphia* (113 App. Div. 92, 96) the court said: " The party applying for the amendment must move promptly, lest his own laches defeat the application and he will not be permitted to amend if, in the meantime, the adverse party, by reason of his delay, has so acted that it would be unjust and inequitable to permit the party applying to change his position; in other words, he is estopped, either by lapse of time or his own acts, from obtaining the amendment." In the case just cited the application was not made for leave to serve an amended answer withdrawing and denying admissions in the original answer. It there also appears that after service of the answer of the movant and just prior to the time the action was about to be moved for trial, new attorneys having been substituted, the motion was made.

The movant contends that where an original answer does not expressly admit a certain fact but impliedly does so by silence, inserting the denials of the admission by service of an amended answer is not necessarily inconsistent. *Spencer* v. *Tooker* (21 How. Pr. 333) is cited in support of this contention. The authorities are numerous and uniform in holding that admission by failure to deny is equivalent to a formal admission and is conclusive. To repeat these citations would prolong this option to an unconscionable length. They may be found in the annotations to section 243 of the Civil Practice Act.

It is difficult to think of a higher form of evidence than the admission of the defendant in its verified answer. (*Kelly* v. *St. Michael's R. C. Church*, 148 App. Div. 767, 771.) Even after amendment, an admission in an original pleading is evidence of the fact admitted. (*Levy* v. *D., L. & W. R. R. Co.*, 211 App. Div. 503, 505, citing *Kelly* v. *St. Michael's R. C. Church, supra.*) To grant the pending motion would be an abuse of discretion. (*Luback* v. *Hirsch*, 232 App. Div. 691, citing *Drescher* v. *Mirkus*, 211 id. 763; *Levy* v. *D., L. & W. R. R. Co.*, Id. 503.) It is true that in *Drescher* v. *Mirkus* (*supra*) and in *Levy* v. *D., L. & W. R. R. Co.* (*supra*) the applications for leave to serve amended answers and

withdrawing and denying admissions made in the original answer were denied because they were made after the remedy of the respective plaintiffs had been barred. But my attention has not been directed to nor have I been able to find any authority to justify the granting of the pending motion, so utterly lacking as it is in any valid excuse or sound reason for the long delay in moving.

The motion for reargument is granted, and, upon such reargument, the original decision herein stands, with ten dollars costs against the movant.