■ CHARLES P. O'BRIEN, Respondent, v. HOOPER EQUIPMENT, INC., Appellant.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Wayne Special Term denying defendant's motion to dismiss plaintiff's complaint.) Present — McCurn, P. J., Vaughan, Kimball, Bastow and Goldman, JJ.

■ LOUISE MITCHELL, as Guardian ad Litem of LORRAINE MITCHELL, an Infant, et al., Appellants, v. ANN LEWIS SHOPS, INC., Respondent, et al., Defendants.— Order affirmed, without costs of this appeal to any party. All concur except KIMBALL and BASTOW, JJ., who dissent and vote for reversal and denial of the motion in the following memorandum: The granting of the order to amend the answer under the facts and circumstances here presented was, in our opinion, an improvident exercise of discretion. Failure to deny an allegation is as much an admission as an admission specifically stated. The defendant permitted three years to elapse before making the motion to amend. Even if laches may be overlooked, it was still essential that the defendant show some valid reason why the relief should be granted. There is here no claim of mistake or inadvertence nor lack of knowledge of the facts when the original answer was interposed. The affidavit of defendants' attorney merely states that the attorney who prepared the original answer "took a certain position in said answer" and that now an amended answer is desired "to clarify the two matters contained in the original answer." The effect of the amended answer would be to withdraw the admission of control which stood for three years. The rights of the plaintiffs would be prejudiced by allowing the amendment at this late date. This court passed upon a similar situation in *Levy* v. *Delaware, Lackawanna & Western R. R. Co.* (211 App. Div. 503), and the First Department did likewise in *Drescher* v. *Mirkus* (211 App. Div. 763). What was said in those cases is still the law. The fact that the plaintiffs did not move the case for trial is of no moment in passing upon the effect of the defendants' laches. We agree with the statement in *Ward* v. *Davega City Radio* (163 Misc. 335, 336) that: "Plaintiffs' failure to notice the cause for trial does not justify the movant's procrastination. In applications like the present one, diligence must be shown." (Appeal from an order of Erie Special Term granting a motion by defendant Ann Lewis Shops, Inc., to serve an amended answer.) Present — McCurn, P. J., Vaughan, Kimball, Bastow and Goldman, JJ.