Matthew M. Levy, J.
This is a motion to amend the answer and a cross motion to serve a “supplemental” (perhaps “ amended ’’would be more appropriate) complaint. The action has been pending since 1956 and the parties have been engaged in considerable intermediate litigation. The cause has not yet been noticed for trial.
(1) Insofar as the defendant’s motion is concerned — to withdraw certain defenses contained in the answer — the amendment requested does not prevent the plaintiff, subject to the rules of evidence upon the trial, from using any admission made by the defendant in the answer, if such admission is relevant and material in the action. Due proffer thereof upon the trial is the appropriate procedure — not the imposition now of a condition precedent to the granting of leave to amend. No prejudice can result to the plaintiff if the defendant’s motion be granted. “ The admissions in the original answer were not destroyed because of the permission granted ’ ’ (Arinsky v. Arsinskiy, 280 App. Div. 820). “ Even after amendment, an admission in an original pleading is evidence of the fact admitted ” (Levy v. Delaware, Lackawanna & Western R. R. Co., 211 App. Div. 503, 505).
*24 (2) With respect to the plaintiff’s cross motion — for leave to serve a “ supplemental ” complaint — it is noted at the outset that no objection to the cross motion is interposed by the defendant on the ground of the absence of a moving affidavit of merits or indeed of any affidavit by an officer or employee of the plaintiff having knowledge of the facts, as distinguished from the affidavit of the counsel for the plaintiff, who deposes not entirely that but rather that she has knowledge of the proceedings herein.
On the merits of the application, I cannot see, in view of the posture of the litigation, that prejudice will result were this application to be granted. The amendment seeks to add an allegation that the defendant’s acts — of which the plaintiff complained originally and still does in its pleading — were done pursuant to a conspiracy. Whether that is a necessary or helpful addendum is not for me to decide now. The courts pursue a liberal policy “ in allowing amendments to pleadings at any time before the trial to the end that the parties may have a full and just determination of the action upon the merits * * * and * * * questions relating to the sufficiency and the merits of the [matters] proposed to be added by amendment [are] reserved for determination on a proper motion or upon the trial ” (Martin v. Katz, 15 A D 2d 767).
Accordingly, both motions are granted, without prejudice to the proceedings heretofore had herein. The respective pleadings are to be deemed amended as of the time of the service of a copy of the order hereon with notice of entry.