Joseph Liff, J.
This is a motion for an order confirming the
report of the Referee to compute. The defendant united states of America raises an objection to the form of the judgment in that it fails to give priority to Federal tax liens. The plaintiff, in its complaint, alleged that a conveyance by the defendant EDWIN TOMASHOFF to ETHE BRAUNSTEIN and BERNARD BRAUNSTEIN, of “ all of his one-half interest” in the premises was really meant to convey all of his interest therein, and the plaintiff asks that the judgment so provide.
Since the first of the Federal tax liens in question was filed against edwin tomashoff on October 24,1961 and the conveyance by the defendant was recorded on June 15,1961, such conveyance, *1036 if made as alleged in the complaint, would negate the claim of the UNITED STATES OF AMERICA.
The united states of amerioa appeared in the action, but did not interpose an answer. It is well settled that a failure to deny an allegation of the complaint is equivalent to a formal admission (Ward v. Davega City Radio, 163 Misc. 335; McClelland v. Climax Hosiery Mills, 252 N. Y. 347; Fleischmann v. Stern, 90 N. Y. 110; CPLR 3018).
In Trapani v. Vista Realty Corp. (37 Misc 2d 132, 133) the court held: “ Eule 257 of the Buies of Civil Practice provides that in an action to foreclose a mortgage when no answer is put in by the defendant denying any of the material facts of the complaint, the plaintiff may apply for judgment at Special Term on due notice to such of the defendants as have appeared in the action”. (Also, see, Real Property Actions and Proceedings Law, § 1321.) The defendant appeared, but did not answer the allegations of the complaint and therefore admitted paragraph ‘ ‘ fifteenth ’ ’ of the amended complaint which states: ‘ ‘ that by said deed, the said defendant, edwin tomashoff intended to convey, and the said ettie braunstein and Bernard braunstein, intended to acquire all the right, title and interest of the said edwin tomashoff in the said premises.”
In Ozdoba Realty Corp. v. Goldberg (133 N. Y. S. 2d 598, 599) the court held that a deed for “ all that certain undivided one-half interest” was meant to convey the entire interest of the grantor. The court interpreted the use of the phrase “ half-interest ” at the outset of the deed as not being inconsistent with its findings, and further held: “it is not surprising that * * * considered himself the owner of a half interest in the premises. It appears obvious therefore that by the deed of August 2, 1917, he intended to grant, and did grant, to his wife Ms entire interest in the premises.”
In the instant action, the plaintiff has alleged that edwin tomashoff intended to convey all of his right, title and interest to ettie braunstein and Bernard braunstein, and the defendant united states of America by not denying this allegation, has admitted it.
The court finds that such conveyance of July 7, 1959 and recorded on July 9,1959, did in fact convey all of the right, title and interest which edwin tomashoff had, to ettie braunstein and Bernard braunstein, and the Federal tax liens filed subsequent to that conveyance do not attach to the subject premises. As a result of this finding, no reformation of the deed is necessary. The order confirming the Referee’s report and the final judgment of foreclosure and sale are signed in accordance herewith.