(11 App. Div. 1.)

### FARRINGTON v. BRADY.

(Supreme Court, Appellate Division, Second Department. December 15, 1896.)

PAROL EVIDENCE—RESCISSION OF WRITTEN CONTRACT.
　　Parol evidence is admissible to show that a written agreement, not under seal, was, before breach, modified or rescinded by an oral agreement.

Appeal from Kings county court.

Action by Edward Farrington against Philip Brady. From a judgment affirming a judgment of the justice of the peace in favor of plaintiff, defendants appeal. Reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

J. J. Bennett, for appellant.
Arthur C. Salmon, for respondent.

WILLARD BARTLETT, J. This suit was brought upon an agreement in writing, but not under seal, whereby the plaintiff undertook to furnish labor and material for the construction of a certain building for the defendant in the city of Brooklyn, in consideration of which the defendant promised to pay him the sum of $817. The complaint alleged that the defendant would not allow the plaintiff to perform the contract, by reason of which refusal the plaintiff had suffered damage to the extent of $156. The defense was a denial of the entire claim, except that a memorandum had been executed, and this was alleged to have been merely preliminary to a contemplated contract, which was abandoned by mutual consent. Judg-

ment was rendered for the plaintiff in the sum of $171.30 in the justice's court. Upon the trial the defendant introduced evidence tending to show that after the execution of the written contract upon which the plaintiff relied there were oral negotiations between the parties, in which the plaintiff sought an increase of the amount to be paid to him, and the defendant insisted that the plaintiff should give security for the faithful performance of his work. After taking a good deal of testimony, from which an oral modification of the written contract could be inferred, or the substitution therefor of a different contract, the justice granted a motion in behalf of the plaintiff to strike out all the proof on this subject. We think the error in striking out this evidence requires a reversal of the judgment. If the evidence had remained in the case, and had been considered by the justice in passing upon the issues, it might have led him to the conclusion, as matter of fact, that the written contract had been orally rescinded by the mutual assent of the parties, before anything was done thereunder, and a new contract made in lieu thereof, which the plaintiff had failed to perform. Before the breach of a written contract, not under seal, it may be modified, or the performance thereof wholly waived, by the oral agreement of the parties, provided the substituted contract is not one which the statute of frauds requires to be in writing. Stead v. Dawber, 10 Adol. & E. 57, 65. The rule is otherwise in regard to an executory contract under seal. Such a contract cannot be modified or released before breach by an unexecuted parol agreement. Delacroix v. Bulkley, 13 Wend. 71; Dodge v. Crandall, 30 N. Y. 306, 307; Voege v. Ronalds, 83 Hun, 114, 31 N. Y. Supp. 353. Although the copy of the written contract in this case, which is set out in the appeal book, recites in the final clause that the parties have thereunto set their hands and seals, there are no scrolls or other indications of seals upon such copy, and we therefore assume that there were no seals, in fact, upon the original instrument. Upon this assumption the defendant should have had the benefit of a consideration by the trial court of the evidence, which was at first received, and subsequently stricken out, bearing upon the alleged modification of the written contract by reason of a substituted oral agreement. While it is true, as was pointed out by Lord Cottenham in the case of the Earl of Darnley v. Railway Co., L. R. 2 H. L. 43, 60, that the party insisting on such a substituted oral agreement must show, not merely what he understood to be the new terms on which the parties were to proceed, but that the other party had the same understanding, we think the proof on this subject which was stricken out on the plaintiff's motion was certainly strong enough to sustain a finding that both parties intended to proceed under a new agreement, the terms of which they both comprehended.

The judgment of the county court should be reversed, as well as the judgment in the justice's court, and a new trial should be granted, under section 3063 of the Code of Civil Procedure, before the successor of the justice by whom the case was originally heard. All concur.