MOLOSTOWSKY v. GRAUER et al.

(Supreme Court, Appellate Term. December 16, 1908.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—EVIDENCE.

Where the complaint was dismissed at the close of plaintiff's case, his evidence was entitled on appeal to all favorable inferences that could reasonably be drawn therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. § 927.*]

2. MASTER AND SERVANT (§ 40*)—WRONGFUL DISCHARGE—PRIMA FACIE CASE.

Where plaintiff proved that he was discharged without cause December 28, 1907, when his written employment contract had yet five weeks to run, and that he was unable to procure employment during that period for which he demanded the salary specified in the contract, plaintiff thereby established a prima facie case.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 40.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. MASTER AND SERVANT (§ 7\*)—CONTRACT OF EMPLOYMENT—MODIFICATION.**

Plaintiff who was employed under a written contract for a specified time once during the term found $1 more than his contract pay in his envelope, and, on informing defendants thereof, was told that it was a gift. He received it as such, and denied that there had ever been a modification of the contract. *Held*, that the receipt of such additional pay did not constitute a cancellation of the written contract and a new employment for an indefinite time.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 7.\*]

**4. CONTRACTS (§ 238\*) — ORAL AGREEMENT — SUBSTITUTION FOR WRITTEN CONTRACT—PROOF.**

A party relying on a substituted oral agreement for a written contract must show a meeting of minds as to the new agreement.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1123; Dec. Dig. § 238.\*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Molostowsky against Louis Grauer and another. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Leon Dashew, for appellant.
Grauer & Rathkopf, for respondents.

PER CURIAM. The action was brought to recover damages for breach of written contract (not under seal) for hire made between appellant and respondents on January 28, 1907, for the term of one year, at a varying rate of wages for different portions of the term. It is plaintiff's claim that he had been in the employ of the defendants since the commencement of the contract, and that on December 27, 1907, he was discharged by them without any reason or provocation whatsoever; that the contract had not yet expired, and that he was thrown out of employment during the unexpired period of the contract, to his damage of the sum of $96; that he was always ready and willing to complete his contract, but prevented by the respondents from doing so. Under the terms of the written contract the plaintiff was to receive certain sums for certain specified periods of time, as follows: From January 28, 1907, to May 11, 1907, at rate of $20 per week; from May 13, 1907, to July 20, 1907, at rate of $15 per week; from July 22, 1907, to November 16, 1907, at rate of $20 per week; from November 18, 1907, to December 28, 1907, at rate of $15 per week; from December 30, 1907, to January 25, 1908, at rate of $20 per week. It will be observed, therefore, that plaintiff was to receive $15 per week from November 18, 1907, to December 28, 1907; but on cross examination plaintiff admitted that as a matter of fact he did not receive $15 a week for that time, but that he received instead of the $15 the sum of $16 per week, which salary of $16 per week he continued to receive from November 18, 1907, to December 21, 1907. Defendants admit that they owe plaintiff $16 which they have paid into court upon plaintiff's refusal to accept the same, which is the salary

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for the week ending December 28th. Plaintiff claims that this increase was a voluntary gift on the part of the defendants, and that he did not accept such increase with knowledge that it was given for the purpose of changing the terms of the contract, but was told by defendants that it was a gift. The trial justice, at the conclusion of plaintiff's case, dismissed the plaintiff's complaint and discharged the jury. Plaintiff appeals.

The court held that, by accepting and retaining the increase, plaintiff made a new contract with defendants, superseding the written contract, and that, as no time was fixed in the new contract for its duration, it was a hiring at will and terminable at any time by either party. The plaintiff established sufficient facts to constitute a prima facie cause of action, and it was error for the trial justice to take the case from the consideration of the jury.

As the complaint was dismissed on plaintiff's case, the latter's evidence is entitled, not only to belief, but to all favorable inferences that can reasonably be drawn therefrom. The plaintiff proved his contract with the defendants, which was offered and received in evidence. He then proved that under the terms of the contract he continued in the employ of the defendants until December 27, 1907, when, without any reason, the defendant Grauer ordered him to leave the defendants' place of business, where the plaintiff was employed; that upon his refusal to leave the said defendant Grauer caused an officer to be called, who ejected the plaintiff from the said place by force; that this occurred on a Friday afternoon, although the plaintiff's week of employment did not terminate until Saturday December 28, 1907; that the contract had yet five weeks to be in force; that he was unable to procure employment for that period, and he claims that he was therefore entitled under the contract to $15 for the week during which he was discharged, and $20 per week for the balance of the four weeks, making a total of $95. He also accounts for the increase in salary from November 18th to December 28th of $1 a week by stating as we have seen, that defendants told him it was a gift, and not a modification or cancellation of the written contract, and that he accepted it as such gift. On this latter branch of the case, the plaintiff, on cross-examination, testified that he received his salary on November 16, 1907, and, after opening the envelope at home, found $1 more therein—i. e., $16, instead of $15—that he questioned defendants regarding this excess in amount of salary, believing it to have been a mistake; that he was informed by defendants that it was merely a gift and he denied positively that he had made any new agreement with defendants, stating that he at all times insisted upon the terms of his written contract. The uncontradicted evidence shows, therefore, that plaintiff was not a party to any new agreement, nor had any intention to form any new agreement, but that, on the contrary, his intention was never to rescind his contract. A party relying on a substituted oral agreement for a written contract must show, not merely what he understood to be the new terms on which the parties were to proceed, but that the other party had the same understanding. Farrington v. Brady, 11 App. Div. 1, 42 N. Y. Supp. 385. There is no

evidence whatever that plaintiff accepted the increase of $1 a week with knowledge that it was intended to be given under a new contract canceling or modifying the written contract, but, as we have seen, the evidence is that he accepted it with the assurance of defendants that it was a gift merely.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.