(140 App. Div. 102.)

SMITH v. RUSSELL et al., Trustees of School Dist. No. 17, Town of
Queensbury.

(Supreme Court, Appellate Division, Third Department.     September 21, 1910.)

1. CONTRACTS (§ 34*)—BUILDING CONTRACTS—PARTIES BOUND.
    Where one contracting to erect a building signed the name of two other
    men to the contract because his own name was not mentioned therein,
    the contract was as binding on him as if he had signed his own name
    thereto.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 162–166; Dec.
    Dig. § 34.*]

2. CONTRACTS (§ 323*)—BUILDING CONTRACTS — SUBSTANTIAL PERFORMANCE—
   JURY QUESTIONS.
    In an action on a building contract whether the omission by plaintiff
    of certain ventilators was intentional and willful so as to preclude re-
    covery for substantial performance held, under the evidence, for the jury.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1543–1548;
    Dec. Dig. § 323.*]

3. WORK AND LABOR (§ 24*)—BUILDING CONTRACTS—ACTIONS—PLEADING.
    Where the complaint for work and material furnished in erecting a
    building is on quantum meruit and the answer sets up a written contract

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and nonperformance thereof, plaintiff without further pleading may show substantial performance.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 43–46; Dec. Dig. § 24.*]

4. CONTRACTS (§ 295*)—BUILDING CONTRACTS—"SUBSTANTIAL PERFORMANCE."
Substantial performance of a building contract is actual performance, and in such case deductions may be made from the contract price for small omissions or defects in the work occurring in good faith.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1353–1356, 1362; Dec. Dig. § 295.*]

Sewell, J., dissenting.

Appeal from Trial Term, Warren County.

Action by Melvin Smith against Melvin Russell and others, as trustees of school district No. 17, town of Queensbury. Judgment for defendants, and plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Howard J. Bush, for appellant.
Thomas W. McArthur, for respondents.

HOUGHTON, J. The plaintiff sues on quantum meruit for work performed and material furnished in building a schoolhouse. The answer alleges a written contract and that the building was to be erected according to certain plans and specifications, which the plaintiff failed to follow, in that he did not install ventilators.

The schoolhouse was a small building, and it is conceded that the price for its erection, whether the agreement was verbal or written, was $425, and with a woodshed added was $450. The plaintiff started building operations for the erection of the schoolhouse from a picture taken from a catalogue, when the defendant trustees concluded it would be better to have plans and specifications and a written contract, and procured the same to be prepared, which they submitted to the plaintiff. There was same confusion as to who the contractor would be, and the plaintiff signed the names of two other men to the contract because his own name was not mentioned therein. The learned trial court correctly held that the contract must be deemed that of the plaintiff, and was as binding upon him as though he had signed his own name thereto.

At the close of the trial the court directed a verdict in favor of the defendants, holding that the plaintiff was not entitled to recover any sum because he had failed to complete his contract by not installing the ventilators.

We are of the opinion that this was error, and that the plaintiff showed substantial performance, and that it was a question of fact for the jury whether the omission of the ventilators was intentional and willful, and, if not, that the plaintiff was entitled to recover for the labor and material which he furnished, less any deduction that might be made on account of the ventilators. The absence of the ventilators was not a structural defect, in that it weakened the building or rendered it less substantial. They were a simple affair consisting

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

of grates and air pipes, and manifestly could be easily supplied after the building was erected. The refusal of the plaintiff to install them under the circumstances cannot be said to have been as matter of law willful and intentional. The picture from which the plaintiff first figured the cost of the school building at $425 showed no ventilators at all. When his attention was called to the fact that the plans and specifications which the defendants had had, drawn to accompany their written contract provided for the ventilators, he says that he told the defendants that he had not figured on them, and that one of the defendants, who principally had charge of the erection of the schoolhouse, said that he might omit putting them in. This situation did not make his subsequent refusal to install the ventilators necessarily intentional or willful. Although the plaintiff's contract called for the installing of the ventilators, and even though one of the defendant trustees did not have the power to change the contract and relieve him from installing them, still if the plaintiff in good faith believed from the conversation which he had with the defendant trustee that he would be permitted to omit the ventilators, and in good faith did omit them, the jury would be justified in saying that he substantially performed his contract, and that there was no intentional departure from the specifications. Such was the situation in Smith v. Clark, 5 N. Y. St. Rep. 165, the facts in which were much like the present case, and the reasoning of which commends itself to us. The defendant can be fully compensated for the omission by deducting the costs of putting in the ventilating apparatus from the amount due the plaintiff, and he should not be deprived of his compensation for erecting the school building because of an honest misunderstanding.

The complaint being on quantum meruit and the answer setting up the written contract and nonperformance of it, the plaintiff without further pleading was entitled to show substantial performance. Substantial performance of a building contract is actual performance, and in such case deduction may be made from the contract price for small omissions or defects in the work occurring in good faith. Van Orden v. MacRae, 121 App. Div. 143, 105 N. Y. Supp. 600, affirmed 193 N. Y. 635, 86 N. E. 1134; Spence v. Ham, 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur, except SEWELL, J., dissenting.