## COLUMBIA METAL BOX CO. v. COHN.

(Supreme Court, Appellate Term.    April 8, 1911.)

1. EVIDENCE (§ 445*)—PAROL EVIDENCE—COLLATERAL AGREEMENT.

Evidence of a subsequent collateral agreement was not objectionable, on the ground that it varied the written agreement.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2052–2065; Dec. Dig. § 445.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. Sales (§ 355\*)—Action for Price—Pleading.**

　　Where plaintiff sued on an implied contract to pay the reasonable value of goods sold and delivered to defendant, and on the trial it appeared that there had been a written contract, and that plaintiff had not delivered all the materials called for under such contract, it was proper under his pleading to permit him to prove a subsequent verbal agreement whereby he should not furnish such materials, though plaintiff had not alleged substantial performance or waiver of his obligations under the written contract.

　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1025–1043; Dec. Dig. § 355.\*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Columbia Metal Box Company against Frederick W. Cohn. From a judgment in favor of defendant, and from an order denying a motion for a new trial and to correct the judgment as entered, plaintiff appeals. Reversed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Louis H. Porter (William C. Dodge, of counsel), for appellant.
Elek J. Ludvigh (H. G. Wiley, of counsel), for respondent.

LEHMAN, J. The plaintiff sues for goods sold and delivered, of the reasonable value and agreed price of $180. The answer admits the delivery of the goods, but sets up that the goods so delivered were in part fulfillment of two written contracts, and that the plaintiff has refused and failed to complete these contracts.

At the trial the plaintiff showed that he had furnished these goods and demanded payment of an account which he rendered to the defendant, and that the defendant had not disputed the account, but had said that he would pay it when he got ready. On plaintiff's cross-examination the defendant introduced in evidence two contracts calling for certain materials and labor at the agreed price of $204, and it was conceded that some trim to be furnished under these contracts was never furnished. The plaintiff then offered to prove:

　　"That after the written contract in question was entered into a verbal agreement had been entered into between the plaintiff and the defendant, in which it was agreed that the plaintiff should not furnish the trim and other articles which were not furnished in accordance with the written contract, and that the defendant should purchase the same in the open market."

The trial justice refused to allow this proof, and gave judgment for the defendant on the merits.

[1] There seems to be no doubt but that evidence of a subsequent collateral agreement was not objectionable on the ground that it varied the written agreement.

　　"Before the breach of a written contract not under seal, it may be modified, or the performance thereof wholly waived, by the oral agreement of the parties, provided the substituted contract is not one which the statute of frauds requires to be in writing." Farrington v. Brady, 11 App. Div. 1, 42 N. Y. Supp. 385.

[2] The only serious question is whether or not the plaintiff may show these facts under his form of pleading, without alleging sub-

stantial performance or waiver of his obligations under the contract. He does not in this case rely upon the written contract as modified, but upon an implied contract to pay for the goods furnished at defendant's request. This implied contract arises when the plaintiff substantially performed the contract, or when he showed a waiver of its terms, and proof of these matters is admissible under the general count.

"The complaint being on quantum meruit, and the answer setting up the written contract and nonperformance of it, the plaintiff, without further pleadings, was entitled to show substantial performance." Smith v. Russell, 140 App. Div. 102, 125 N. Y. Supp. 952.

In all the cases cited by the respondent, the plaintiff himself set up full performance, and in such case obviously he cannot prove substantial performance.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.