COLUMBIA METAL BOX COMPANY, Appellant, *v.* FREDERICK W. COHN, Respondent.

(Supreme Court, Appellate Term, April, 1911.)

Contracts —Actions on contracts —Action on quantum meruit — Showing excuse for deviation.
Evidence — Parol evidence — General rules — Varying time or manner of performance — Waiver of performance.

Under a complaint on *quantum meruit* for goods sold and delivered, the plaintiff may prove substantial performance of a written agreement for the sale and delivery of goods upon which an implied contract to pay for the same arises.

In such a case, where it appears that some materials called for by the written contract between the parties had never been furnished, plaintiff is entitled to show that subsequently to the written contract it was verbally agreed that plaintiff should not furnish said materials.

APPEAL by the plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, rendered in favor of the defendant, and from an order denying a motion for a new trial and to correct the judgment as entered.

Louis H. Porter (William C. Dodge, of counsel), for appellant.

Elek J. Ludvigh (H. G. Wiley, of counsel), for respondent.

LEHMAN, J. The plaintiff sues for goods sold and delivered of the reasonable value and agreed price of $180. The answer admits the delivery of the goods but sets up that the goods so delivered were in part fulfillment of two written contracts, and that the plaintiff has refused and failed to complete these contracts.

At the trial the plaintiff showed that he had furnished

these goods and demanded payment of an account which he rendered to the defendant and that the defendant had not disputed the account but had said that he would pay it when he got ready. On plaintiff's cross-examination the defendant introduced in evidence two contracts calling for certain materials and labor at the agreed price of $204, and it was conceded that some trim to be furnished under these contracts was never furnished. The plaintiff then offered to prove " that after the written contract in question was entered into a verbal agreement had been entered into between the plaintiff and the defendant in which it was agreed that the plaintiff should not furnish the trim and other articles which were not furnished in accordance with the written contract, and that the defendant should purchase the same in the open market." The trial justice refused to allow this proof and gave judgment for the defendant on the merits.

There seems to be no doubt but that evidence of a subsequent collateral agreement was not objectionable on the ground that it varied the written agreement. " Before the breach of a written contract not under seal, it may be modified, or the performance thereof wholly waived by the oral agreement of the parties, provided the substituted contract is not one which the Statute of Frauds requires to be in writing." Farrington v. Brady, 11 App. Div. 1.

The only serious question is whether or not the plaintiff may show these facts under his form of pleading without alleging substantial performance or waiver of his obligations under the contract. He does not in this case rely upon the written contract, as modified, but upon an implied contract to pay for the goods furnished at defendant's request. This implied contract arises when the plaintiff substantially performs the contract, or when he shows a waiver of its terms; and proof of these matters is admissible under the general count. " The complaint, being on *quantum meruit,* and the answer setting up the written contract and non-performance of it, the plaintiff, without further pleading, was entitled to show substantial performance." Smith v. Russell, 140 App. Div. 102. In all the cases cited by the respond-

ent the plaintiff himself set up full performance, and in such case obviously he cannot prove substantial performance.

It follows that the judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

SEABURY and BIJUR, JJ., concur.

Judgment reversed.