versal and the resettlement thereof, which were the taxable costs in the Court of Appeals before argument and proper disbursements in connection therewith.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 940–946; Dec. Dig. § 244.*]

Appeal from Special Term, Nassau County.

Action by Henry J. Washburn against John T. Rainier and others. From a Special Term order as resettled, denying the motion of defendants John T. Rainier and Paul N. Lineberger for a readjustment of costs, they appeal. Reversed, appeal from taxation of costs sustained, and motion to strike out the costs as taxed, except those in Court of Appeals before argument, and disbursements for printing the case in the Court of Appeals, and printing the points, granted.

See, also, 144 N. Y. Supp. 1149.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

T. G. Durkan, of New York City, for appellants.
Jesse Fuller, Jr., of Brooklyn, for respondent.

PER CURIAM. When the provision of the original order of this court of March 15, 1912, to the effect that the judgment appealed from be reversed, "with costs of the action to abide the event," is read in connection with the order of this court of December 12, 1913, resettling the same, it seems to us perfectly clear that upon such resettlement it was the purpose of this court to permit plaintiff, if he desired, to retrace the steps which he had taken upon the strength of the form of the order as originally entered, and to compensate him for any expense that he had incurred by reason thereof. Bearing this in mind, it is equally clear that the only costs and disbursements that were to be paid were those which had accrued in the interval between the date of the original order of reversal and the resettlement thereof. These were taxable costs in the Court of Appeals before argument, and such disbursements in connection with such appeal as would be properly taxable, and which had been made up to that time.

The order appealed from should be reversed, with $10 costs and disbursements, the appeal from the taxation of costs sustained, and the motion granted to strike out all of the costs as taxed, except costs in the Court of Appeals before argument, and disbursements for printing the case in the Court of Appeals and printing the points.

---

(86 Misc. Rep. 38)

### WATTERS v. PLUMBERS' TRADE JOURNAL PUB. CO.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

1. MASTER AND SERVANT (§ 22*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION.
    Plaintiff acted as advertising solicitor for defendant under an agreement contained in a letter of December 4, 1901, at a salary of $15 per week and 25 per cent. commission, the letter specifying that the agreement was to run for a year, subject to abrogation on 60 days' notice. On

December 24, 1906, defendant wrote plaintiff: "Your salary will be increased to $60 per week." *Held*, that the new arrangement—the last letter—did not terminate the original contract and initiate a new hiring from week to week.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 22; Dec. Dig. § 22.*]

2. MASTER AND SERVANT (§ 3*)—CREATION OF RELATION—CONTRACT OF HIRING —CONSTRUCTION.

A letter from an employer to an employé, after the employer had terminated the contract of employment by giving notice as provided by the contract, stating, "Will make place for you on the basis of the present arrangement, beginning with the first week in October, figuring at that time on certain territory which will be mutually agreeable," etc., did not, in the absence of such an agreement as to territory, constitute an agreement, since the minds of the parties had never met on all the essential terms.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 2, 3; Dec. Dig. § 3.*]

Appeal from City Court of New York, Trial Term.

Action by William R. Watters against the Plumbers' Trade Journal Publishing Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued June term, 1914, before SEABURY, BIJUR, and PAGE, JJ.

R. E. & A. J. Prime, of New York City (Gustavus A. Rogers and Saul E. Rogers, both of New York City, of counsel), for appellant.

Henry Salant, of New York City, for respondent.

BIJUR, J.   [1] Plaintiff sued defendant for unlawful discharge under an alleged agreement of employment running from year to year. Plaintiff acted as advertising solicitor for the defendant in certain territory, pursuant to an agreement contained in defendant's letter of December 4, 1901, at a salary of $15 per week and 25 per cent. commission; the letter specifying that the agreement was to run for a year, subject to abrogation on 60 days' notice. Matters ran on from year to year in this way until December 24, 1906, when defendant wrote to plaintiff: "Your salary will be increased to $60 per week." This was understood and treated by both parties as abrogating the commission basis, plus the salary, and establishing a fixed compensation by way of salary alone.

Defendant now claims that this new arrangement constituted a termination of the original contract, and initiated a new hiring from week to week. In this view I cannot concur. Defendant cites, among other cases, in support of its view, Schott v. La Compagnie Generale, 52 Misc. Rep. 236, 102 N. Y. Supp. 901, Molostowsky v. Grauer (Sup.) 113 N. Y. Supp. 679, Romaine v. Beacon, 13 Misc. Rep. 122, 34 N. Y. Supp. 124, and Riley v. Mayor, 96 N. Y. 331, 338. I think the defendant misapplies the rule stated in the last case, which is:

"A contract raised by implication may be changed, annulled, or modified by a different state of circumstances, *authorizing the presumption* of a new or different contract."

In the case at bar it seems to me that the only change which the parties contemplated in their relation was a change of salary, and there is nothing to give rise to the presumption that the old contract, which by implication was still continued by them from year to year, was otherwise modified. See, also, Wood v. Miller, 78 Misc. Rep. 378, 138 N. Y. Supp. 562, although in that case the paper which constituted the new agreement definitely provided that the relations of the parties should otherwise be unaffected.

[2] On June 3, 1913, defendant wrote plaintiff that, owing to the poor business conditions in his territory, the relations between them would be terminated on and after August 1st. It is conceded by plaintiff that this would be an adequate notice of the abrogation of the agreement then claimed by him to be subsisting between them; but plaintiff testifies that, after the receipt of that letter, he called on defendant's president, with the result that he was given a letter on July 21, 1913, reading as follows:

"Will make place for you on the basis of the present arrangement, beginning with the first week in October, figuring at that time on certain territory which will be mutually agreeable. In other words, we will simply figure the time you are away from the office as leave of absence without pay."

When plaintiff reported for service on October 6th, he was told that he would not be re-engaged, and his claim is that he was at that time unlawfully discharged. As I view it, therefore, the controversy resolves itself into an interpretation of the letter just quoted of July 21st.

Defendant, by two witnesses, offered proof that this letter was given merely at plaintiff's solicitation, and with a view of having him show it to the other employés for his own purposes. This plaintiff denied, saying that there was no conversation, at or about that time, modifying the terms of the letter. But, if that be so, then the letter and its acceptance by the plaintiff constituted a new contract, based upon the old agreement, as modified, plus the terms of the letter. In this respect it differs from the letter construed in Bennett v. Mahler, 90 App. Div. 22, 85 N. Y. Supp. 669, because in that case the communication from the defendant to the plaintiff contained no new terms, but, speaking of the prior discharge of the plaintiff, said, "that is off," with the additional statement that plaintiff might take a vacation for a week and then return for the ensuing year.

Regarding, now, the letter of July 21st in the case at bar as one of the terms of a new agreement sought to be entered into between plaintiff and defendant, it must fail, because it is evident that the minds of the parties had not met on all the essential terms, and that it did not, therefore, constitute a complete agreement between them. The record disclosed that for months plaintiff had been dissatisfied with the territory allotted to him in which to solicit orders. The new arrangement, in terms, provided that he should have "certain territory *which will be mutually agreeable.*" On this point it seems to me that Mayer v. McCreery, 119 N. Y. 434, 23 N. E. 1045, is decisive, to the effect that the parties had failed to reach an agreement. The objection was distinctly

raised on the defendant's respective motions to dismiss the complaint and due exception taken to their refusal.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.