(83 App. Div. 82.)

### EAGLE IRONWORKS v. FARLEY.

(Supreme Court, Appellate Division, Second Department.   May 28, 1903.)

1. WRITTEN CONTRACT—MODIFICATION BY PAROL.

A written contract not under seal may be modified before breach by the subsequent oral agreement of the parties.

2. SAME—ABANDONMENT.

Where plaintiff, a party to a contract, had ceased work in consequence of the refusal of defendant to make the payments provided for, and after he had been forbidden to go on with the work, a claim that plaintiff abandoned the contract by refusing to proceed, unless a greater sum were paid to him than was due, is not sustained by evidence that after such work had ceased he claimed an amount as due him larger than the amount really due by about $225.

Appeal from Special Term, Kings County.

Action by the Eagle Ironworks against Thomas M. Farley.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Paul Eugene Jones, for appellant.

I. N. Sievwright, for respondent.

WILLARD BARTLETT, J.   The transactions which are the subject of this litigation grew out of a written contract to furnish and set certain ironwork in buildings which were under construction by the defendant.   This contract was contained in a written offer by the plaintiff, and a written acceptance of that offer by the defendant.   The offer was to do the entire work for $3,532.   Neither in the offer nor in the acceptance was anything said in reference to the time or manner of payment.   The plaintiff introduced evidence tending to show that after the acceptance, and before the plaintiff had entered upon the performance of the work, the parties entered into an oral agreement whereby the defendant undertook to pay for the work in six installments, as the several steps in the construction of the buildings were completed.   The learned trial judge found that the defendant failed to make these payments as thus agreed, and refused to allow plaintiff to proceed with the work; whereupon the plaintiff ceased to do anything further under the contract, and became entitled to recover the fair reasonable value of the material furnished and services rendered, which, after making certain deductions, he fixed at the sum of $1,125.

The defendant asks for a reversal of this judgment on two grounds: (1) Because the written contract between the parties was entire, and the admission of evidence of an alleged parol agreement to modify that contract by providing for installment payments was erroneous; and (2) because, even assuming the agreement to be as found by the court, the plaintiff abandoned its contract by refusing to proceed unless a greater sum was paid to it than all the installments due.

Neither of these positions is tenable.   A written contract, not under seal, may be modified before breach by the subsequent oral agreement of the parties.   Farrington v. Brady, 11 App. Div. 1, 42

¶ 1. See Contracts, vol. 11, Cent. Dig. § 1123.

N. Y. Supp. 385; Solomon v. Vallette, 152 N. Y. 147, 151, 46 N. E. 324. "Undoubtedly the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol, if under the circumstances of the particular case it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them." Seitz v. Brewers' Refrigerating Co., 141 U. S. 510, 12 Sup. Ct. 46, 35 L. Ed. 837. The appellant insists that the agreement in this case as to payment by installments was contemporaneous with the written contract, and hence not provable by parol; but the evidence in the record on the subject clearly supports the view of the learned trial judge (the late Mr. Justice Leslie W. Russell) that the oral agreement was subsequent to the execution of the written contract.

The evidence does not sustain the position of the appellant that the plaintiff abandoned the contract by refusing to proceed unless a greater sum were paid to it than all the installments due. It is true that in a letter which appears in the record the plaintiff did claim $1,349.17, when, as the event proved, the amount due was only $1,125; but this letter was written after the plaintiff had ceased work in consequence of the refusal of the defendant to make the payments provided for in the oral agreement, and, indeed, after the plaintiff had been forbidden by the defendant to go on with the work. I think the judgment should be affirmed.

Judgment affirmed, with costs. All concur.