John Langley, Respondent, *v.* Peter W. Rouss, as Executor
of Charles Broadway Rouss, Deceased, Appellant.

Builder's Contract — When Contractor Cannot Recover for
Extra Work upon Ground That Architect Waived Provision of
Contract Relating Thereto. A provision in a written contract, by
which a contractor agreed to perform certain work in the erection, alter-
ation and extension of certain buildings, which expressly provided that
no extra work would be allowed unless an itemized estimate thereof
should be submitted by the contractor and the architect's order in writ-
ing be given for the same, is valid and should be enforced, and the con-
tractor cannot recover for extra work, claimed to have been performed
under verbal orders of the architect, upon the ground that the architect
was the agent of the owner for the purposes of the contract and had
waived the provisions thereof relating to extra work, where the authority
of the architect to bind the owner is expressly limited by the contract to
such orders as he should give in writing upon itemized estimates sub-
mitted by the contractor, since an agent cannot enlarge his own powers
by waiving the limitations thereon.

*Langley* v. *Rouss*, 106 App. Div. 225, reversed.

(Argued April 23, 1906; decided May 15, 1906.)

Appeal from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
June 16, 1905, affirming a judgment in favor of plaintiff
entered upon a verdict and an order denying a motion for a
new trial.

The plaintiff entered into a contract with the defendant's
testator in his lifetime by which the plaintiff agreed to per-

form certain mason and carpenter work in the erection, altera-
tion and extension of certain buildings on Broadway, in the
city of New York. The contract has been performed and
the contract price fully paid. This action is brought to
recover for certain alleged extra work consisting of:

| | |
|---|---:|
| 1. Shoring, sheath piling, sustaining and under-<br> pinning adjoining wall to 555 Broadway. | $3,414 40 |
| 2. Sustaining and shoring of beams and flooring<br> of old building while columns and girders<br> were being put in place.................. | 6,600 00 |
| 3. Temporary smoke pipe for boilers while<br> chimney was being built............... | 275 00 |
| 4. Shoring roof of old building where bulk-<br> head has been erected; building tempo-<br> rary roof; removing tin roof; taking out<br> fireproof arches; taking down brick wall;<br> furnishing and putting in place new arches<br> for two stories of bulkhead on the south-<br> east corner of the old building.......... | 1,215 90 |
| | $11,505 30 |

The defendant's testator by his answer denied the allega-
tions of the complaint so far as it relates to said alleged extra
work, and alleged that the labor and materials for which the
plaintiff seeks to recover in this action were and each of the
same was included in and covered by said contract, and that
the plaintiff has been fully paid therefor.

Said testator further answering said complaint alleged that
it was expressly agreed by and between the parties to said
contract that no alterations should be made in the work shown
and described by the drawings and specifications annexed to
and forming a part of said contract, except upon a written
order of the architect, and that no written or other order was
given by the architect in charge of said work for the altera-
tions or for the work and materials mentioned in the com-
plaint, and that by said contract it was further provided that

no extra work would be allowed in any case, unless an itemized estimate should be submitted by the contractor and the architect's order in writing be given for the same, and it further alleged that for the extra work and materials referred to in the complaint no itemized estimate was submitted by the contractor and no order of the architect in writing or otherwise was given for the same.

By the contract so entered into by and between the defendant's intestate and the plaintiff, it was provided: "The contractor under the direction and to the satisfaction of William J. Dilthey, architect, acting for the purposes of this contract as agent of the said owner, shall and will provide all the materials and perform all the work mentioned in the specifications and shown on the drawings prepared by the said architect for the mason and carpenter work and materials."

"No alteration shall be made in the work shown or described by the drawings and specifications except upon the written order of the architect, and when so made the value of the work added or omitted shall be computed by the architect and the amount so ascertained shall be added to or deducted from the contract price."

"But no extra work will be allowed in any case unless itemized estimate is submitted by contractor and architect's order in writing is given for the same."

No itemized or other estimate was ever submitted by the contractor to the architect or to said testator in his lifetime or to the defendant for the alleged extra work mentioned in the complaint and the architect's order in writing was never given for the same.

It is not shown that said intestate or the defendant had any knowledge of the plaintiff's furnishing materials or performing work in connection with the erection, alteration and extension of said buildings other than as a part of the materials and work agreed to be furnished and performed in said contract or that said testator ever ordered said work or in any way ratified or confirmed any action or agreement, if any made, by the architect relating thereto.

Evidence was received upon the trial of the action by which plaintiff claimed that the architect ordered said alleged extra work and waived the provisions of the contract in regard to an itemized estimate and written order therefor.

After the issues were joined in this action Charles Broadway Rouss, the defendant and person with whom the contract was made, died, and thereafter the action was by order continued against his executor. On the first trial of the action the court dismissed the complaint upon the merits. From the judgment entered thereon an appeal was taken to the Appellate Division and the judgment was reversed and a new trial granted. (*Langley* v. *Rouss*, 85 App. Div. 27.)

On the second trial the issues were submitted to a jury and a verdict was rendered for the plaintiff. From the judgment entered thereon and from an order denying a motion for a new trial an appeal was taken to the Appellate Division and the judgment and order were unanimously affirmed. (*Langley* v. *Rouss*, 106 App. Div. 225.) From such judgment the appeal is taken to this court. Further facts appear in the opinion.

*John J. Rooney* for appellant. The provision of the contract that no extra work would be allowed in any event, unless itemized estimate was submitted by the contractor, and architect's order in writing given for the same, was binding upon the defendant, and the architect had no authority to waive such provision. (*Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356; *Walsh* v. *H. F. Ins. Co.*, 73 N. Y. 5; *Marvin* v. *U. L. Ins. Co.*, 85 N. Y. 278; *Baumgartel* v. *P. W. Ins. Co.*, 136 N. Y. 547; *G. El. Co.* v. *L. & L. & G. Ins. Co.*, 159 N. Y. 418; *O'Brien* v. *P. Ins. Co.*, 134 N. Y. 28; *Tompkins* v. *H. F. Ins. Co.*, 22 App. Div. 380; *Conant* v. *A. R. Co.*, 48 App. Div. 327.) The work, to recover for which this action was brought, was not extra work, but was covered by the contract and specifications. (*Cohen* v. *B. & J. E. Co.*, 166 N. Y. 292; *Glacius* v. *Black*, 67 N. Y. 563; *Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 342; *Brady* v. *Cassidy*, 104 N. Y.

148; *Smith* v. *Faulkner*, 12 Gray, 255.)   The court erred in charging the jury.   (*Cohen* v. *B. & J. E. Co.*, 166 N. Y. 292.)

*Nelson Zabriskie* for respondent.   The specific statements in the specifications were such as plaintiff had the right to rely upon as being correct in making his contract, and are not overcome or changed by any general statements in either contract or specifications.   (*Horgan* v. *Mayor, etc.*, 160 N. Y. 516; *Lentilhon* v. *Mayor, etc.*, 102 App. Div. 548; *Sullivan* v. *Vil. of Sing Sing*, 122 N. Y. 389; *Dwyer* v. *Mayor, etc.*, 77 App. Div. 224; *Streppone* v. *Lennon*, 143 N. Y. 626.) The clause in the specifications that "no extra work will be allowed in any case unless itemized estimate is submitted by contractor and architect's order in writing given for the same," cannot affect the plaintiff's rights herein as disclosed by the evidence.   (*McCann* v. *City of Albany*, 11 App. Div. 378.)   The power to waive any provisions of the contract that any order for extra work should be in writing is extended to the architect, and especially so, as by the provisions of the contract he was thereby expressly made the agent of the owner, and according to specifications the contractor was subject to his instructions and directions.   (*Collins* v. *Butler*, 179 N. Y. 156; *Smith* v. *Wetmore*, 167 N. Y. 234; *Gearty* v. *Mayor, etc.*, 171 N. Y. 61; *Lentilhon* v. *City of New York*, 102 App. Div. 557; *Huden* v. *Coleman*, 73 N. Y. 567; *Woolner* v. *Hill*, 93 N. Y. 576; *Preston* v. *City of Syracuse*, 92 Hun, 301; *Seward* v. *City of Rochester*, 109 N. Y. 164; *Everard* v. *Mayor, etc.*, 89 Hun, 425; *Hicks* v. *Magoun*, 38 App. Div. 573.)

CHASE, J.   The architect was expressly made the agent of the owner for the purposes of the contract, but such agency, so far as it related to making alterations, or directing that extra work should be done, was limited as in the contract stated, to such orders as he should give in writing.   The restrictions on the authority of the architect were for the protection of the

owner. Where contracts including plans and specifications involve a great amount of detail, and the merits of claims for alterations and extra work are difficult to determine and adjust after the work is completed, a provision requiring the contractor to submit itemized estimates of the expense of proposed alterations or extra work and that the order of the architect therefor should be in writing, is reasonable and tends to a more definite understanding and avoids controversies. The contractor is not required to make changes or perform extra work unless he first receives written authority therefor and the contract is, therefore, neither unreasonable nor severe and it should be enforced. An agent cannot enlarge his own powers by waiving the limitations thereon.

In *Woodruff* v. *Rochester and Pittsburgh R. R. Co.* (108 N. Y. 39) plaintiffs as sub-contractors did work upon the request of the engineers in charge of the work, and under an agreement made with them by which such work was taken outside of the contract and was to be paid for at cost and ten per cent added, and this court said, "if extra work, not covered by the precise terms of the contract, then it is provided in the contract that no claim should be allowed for such work ' unless the same should be done in pursuance of a written order from the engineer in charge, and the claim made at the first settlement after the work was executed.' This was one of the terms of the contract, and we are unable to perceive that the engineers had any power or authority to alter or change it. It was inserted in the contract to protect the defendant from claims for extra work which might be based upon oral evidence, after the work was completed and when it might be difficult to prove the facts in relation thereto. If the engineers in charge had an unlimited authority to change the contract at their will and to make special agreements for work fairly embraced therein, then the defendant had very little protection from the reduction of their contract to writing. If these engineers were the agents of the defendant, they were its agents with special powers simply to do the engineering work and to superintend and

direct as to the execution of the contract." And the court quoted with approval Redfield on the Law of Railroads, as follows: "Where the contract contains express provisions that no allowance shall be made against the company for extra work, unless directed in writing under the hand of the engineer, or some other person designated, or unless some other requisite formality be complied with, the party who performs extra work upon the assurance of any agent of the company that it will be allowed by the company, without the requisite formality, must look to the agent for compensation and cannot recover of the company either at law or in equity."

A provision that the builder is not to execute any extra work or make any modifications or alterations in the work mentioned in the specifications and plans unless ordered in writing by the engineer in charge or claim payment for the same unless such written order be produced is valid and should be enforced. Such a provision is one intended for the benefit of the employer. (Cyc. vol. 6, pages 16, 17, 77, 78; Am. & Eng. Ency. of Law [2nd ed.], vol. 30, page 1285; *L'Hommedieu* v. *Winthrop,* 59 App. Div. 192; *Johnson* v. *City of Albany,* 86 App. Div. 567; *Lewis* v. *Yagel,* 77 Hun, 337; *O'Brien* v. *Mayor, etc., of N. Y.,* 139 N. Y. 543; *Sutherland* v. *Morris,* 45 Hun, 259.)

In *Thomas* v. *Stewart* (132 N. Y. 580) and *Schnaier* v. *Nathan* (49 App. Div. 298), where the authority of an architect employed by the owner as his agent and representative in the erection of a building was held to extend to giving verbal consent to deviations from the written contract, there was no limitation on the architect's authority. A building contract which makes an architect an agent of the owner and limits his authority in regard to alterations and extra work as in this case, is entirely different from a contract providing that the contractor shall not be paid for alterations or extra work unless the same are ordered in writing by the owner. A party to a building or other contract can waive a provision therein inserted for his benefit (*Solomon* v. *Vallette,* 152 N. Y.

147; *Dunn* v. *Steubing*, 120 N. Y. 232; *Eagle Iron Works* v. *Farley*, 83 App. Div. 82), but it is an elementary rule that an agent for a party is bound by the terms of his agency.

The court in this case, referring to the provisions of the contract providing that the architect shall act for the purposes of the contract as the agent of the owner, charged the jury as follows: "I charge it as the law of the case that this provision last referred to by me is broad enough to authorize the architect to waive the requirement that the plaintiff should furnish estimates of extra work and obtain a written order from the architect therefor," and left to them to determine as a question of fact whether the architect had in fact waived the provisions of the contract relating thereto. This charge of the court was duly excepted to.

The masons' specification provides: "The depths of independent foundations on north property are below new cellar floor." They also provided: "The adjoining property foundations are below new cellar floor." It is claimed by the plaintiff that the foundations of the adjoining property on the north were not below the new cellar floor and did not reach within eighteen inches of the same and that the shoring, sheath piling, sustaining and underpinning adjoining wall to 555 Broadway was work additional to that for which he bid, made necessary by reason of the foundations of the adjoining property being different than they were represented by the owner.

That part of the building at No. 555 Broadway was new and the north wall of the old building standing at No. 553 Broadway was three feet six inches thick in the sub-basement, and four inches less in thickness at each second story above the sub-basement. The beams of the old building ran north and south and they were set in the brick wall, but there was nothing to indicate how far the beams projected into the wall. The specifications provided: "Mason contractor will remove present north wall from the roof down or such parts of it as soon as supporting lines of columns are set in place. The **present northerly bearing wall** to act as shoring supports

while setting columns." They also provided : " As soon as columns and girders are set under present floors where cutting away of brick work is necessary the spaces must be filled in with proper wedges or brick work as each floor load is being carried by new line of columns and the superimposed loads being transferred to them section by section and floor by floor, each column being then ready and in place to do its work."

They also provided that the contractor should " cut chase in present brick wall for columns." It is claimed by the plaintiff that when the chases were cut it was found that the bearing wall was not a sufficient support while setting the columns and the additional work of sustaining and shoring of beams and flooring of old building while columns and girders were being put in place was made necessary by reason of the owner's misrepresentations in regard to the wall acting as a shoring support while setting such columns.

The plans show that the new proposed smoke flue was separate and distinct from the old one. When the plaintiff came to do the work he claims that the old flue was not at the place shown on the plan and that the new flue to be erected ran directly into the old flue and that the temporary smoke pipe for boilers while chimney was being built was additional work made necessary to take the smoke from the fires then being maintained under the boilers in the basement.

Where the amount of work to be performed and materials to be furnished under and by a contract depend upon conditions that cannot be ascertained by inspection and bidders are not required and given an opportunity to make such investigations as are necessary to satisfy themselves as to the amount of work to be done and materials to be furnished and the contract, plans and specifications include representations as to existing conditions which are inserted for the purpose of enabling contractors to determine what bid to make for the proposed work and materials, a recovery may be had as for a breach of contract for the damages caused if it shall turn out that the representations were erroneous.

As bearing upon misrepresentations in contracts and extra

expense to contractors caused by acts or statements of the person or corporation with whom the contract is made, see *Horgan* v. *Mayor, etc., of N. Y.* (160 N. Y. 516); *Lentilhon* v. *City of New York* (102 App. Div. 548); *Messenger* v. *City of Buffalo* (21 N. Y. 196); *Mulholland* v. *Mayor, etc., of N. Y.* (113 N. Y. 631); *Dwyer* v. *Mayor, etc., of N. Y.* (77 App. Div. 224); *Becker* v. *City of New York* (176 N. Y. 441); *Gearty* v. *Mayor, etc., of N. Y.* (171 N. Y. 61); *McCann* v. *City of Albany* (11 App. Div. 378).

It is unnecessary to consider further the question relating to a breach of contract by the defendant's testator because this action was brought, tried and decided upon the theory that the labor and materials mentioned in the complaint were extras ordered by the architect under the contract and that he had waived the provisions of the contract which required that no extras would be allowed unless itemized estimates were submitted by the contractor and the architect's order in writing was given for the same. As we have seen, the charge of the trial court relating to the architect's authority to waive such provisions of the contract was erroneous, and for that reason the judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT and VANN, JJ., concur; WILLARD BARTLETT, J., not sitting.

Judgment reversed, etc.