McGRATTY et al. v. HABERMAN.   ·

(Supreme Court, Appellate Division, Second Department.   June 5, 1908.)

1. CONTRACTS—BUILDING CONTRACTS—ALTERATIONS—POWER OF ARCHITECT.
   Where a building contract between a proprietor and architects provided that no alteration should be made in the work shown on the plans and specifications without the approval of a consulting architect, and subcontractors made a change in the building ordered by the architects without the approval of the supervising architect, they could not recover therefor against the proprietor.

2. SAME—ACTION FOR EXTRA WORK—EVIDENCE.
   In an action by a subcontractor against a proprietor for work done in making a change in a building which had been ordered by the architects, without submission to the supervising architect, as required by the building contract, testimony of one of the architects as to whether he had given orders for work on the building on his own authority, and had been in the habit of doing so, and of another witness as to the custom of architects in that respect, was properly excluded, since whether he had assumed authority which he did not possess was immaterial.

Action by Patrick H. McGratty and others against Frederick Haberman.   There was a judgment of nonsuit.   On motion for a new

trial, exceptions ordered to be heard in the first instance at the Appellate Division. Motion denied.

Motion for a new trial on the minutes at the Kings Trial Term on a nonsuit, exceptions ordered to be heard in the first instance at the Appellate Division.

The complaint is on quantum meruit for work and material in the erection of a building of the defendant, and also for extra expense in the rate paid for wages for working overtime.

The plaintiff put in evidence an agreement in writing between the defendant and Horgan & Slattery, a corporation, in which the latter agreed to make plans and specifications for an apartment house for the defendant, and superintend its construction, the defendant to pay therefor 5 per cent. on the cost of construction. It was also agreed therein that the plans and specifications were to be submitted to a consulting architect to be employed by the defendant (but paid out of the said 5 per cent., namely, one-fourth thereof) for suggestions, alterations and additions, which had to be accepted by the said Horgan & Slattery, and the said consulting architect was named therein; that the drawings and specifications should not be altered without the approval of such consulting architect; that additional work, and work not included in the drawings and specifications, and all contracts before being executed, should first be submitted to him and bear his signature. It was also shown that the plans and specifications were drawn and settled and a written contract for the erection of the building given to one Reilly by the defendant in the way specified in the said contract with Horgan & Slattery; that the plaintiffs contracted in writing with the said Reilly to do the marble work on the said building; that after the work was started the defendant went to Europe, and did not return for about three months; that during his absence the said Horgan & Slattery changed the carriage entrance to the court of the said building and the hall leading thereto without submitting the same to the said supervising architect; that the said contractor Reilly in the presence of the plaintiffs refused to do the work required by such changes without written orders of the architects, when requested by Horgan, an officer of the said Horgan & Slattery to do it; that thereupon the said officer told the plaintiffs to do it and he would see they were paid for it; and they thereupon did it during the defendant's said absence. This action is to recover the value of the work and material used therein, and also for the extra expense in the rate of wages incurred in working overtime, i. e., after union hours, also at the request of the said Horgan & Slattery.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

William F. Clare, for plaintiffs.
Abraham Benedict, for defendant.

GAYNOR, J. The nonsuit was proper. The plaintiffs have sued the wrong party. Horgan & Slattery had no authority to change the plans and specifications, or order any work or material not embraced therein and in the contract. Langley v. Rouss, 185 N. Y. 201, 77 N. E. 1168. The statement in the brief for the plaintiffs that the carriage way had to be changed because it was found by test that a carriage could not go through it, and was changed only to that extent, has no foundation—if that could make any difference.

The exceptions to the sustaining of the defendant's objections to the questions of the witness Horgan, an officer of Horgan & Slattery, whether he gave orders for work on the building on his own authorty, and had been in the habit of doing so, and of another witness as to the custom of architects in that respect, must also be overruled. That he had assumed authority which he did not have was no matter;

and there can be no lawful custom to break contracts. Proprietors who build houses are not the mere victims in law of architects and contractors.

. If it be taken as true that the plaintiffs did not know of the provisions of the contract of defendant with Horgan & Slattery, the case would not be changed. It was for them to find out what the authority of Horgan & Slattery was. But the subcontract of the plaintiffs with the contractor also contains a provision that no alteration should be made in the work shown on the plans and specifications "except upon a written order of the architects." The contract of the defendant with Reilly contained the same provision, and that no claim "based upon an alleged verbal agreement" should be made. The claim of the plaintiffs for the amount paid by them in wages over the regular rate for work done after regular hours, when such work was made necessary by their being behind with their contract, needs no comment.

The motion for a new trial should be denied.

Motion for a new trial denied, with costs. All concur.