KELLY et al. v. ST. MICHAEL'S ROMAN CATHOLIC CHURCH IN CITY OF BROOKLYN et al.

(Supreme Court, Appellate Division, Second Department. January 26, 1912.)

1. APPEAL AND ERROR (§ 1042*)—HARMLESS ERROR—ERRONEOUS FAILURE TO AMEND COMPLAINT.

    Where no demurrer was interposed to the complaint in an action by a contractor for work and materials in the construction of a building, nor any motion made on the trial questioning the sufficiency of the complaint until after the contract for the work had been received in evidence without objection, the refusal of the referee to dismiss the complaint for want of sufficient facts was not reversible error, since the complaint might be amended to conform to the proof.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4110–4114; Dec. Dig. § 1042.*]

2. EVIDENCE (§ 459*)—PAROL EVIDENCE—PARTIES LIABLE.

    A contract not under seal between a contractor and the rector of a church for work and materials in the construction of a church building

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

may be shown by parol to have been made by the rector as the agent of the church corporation, so as to make it liable thereon.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2109–2114; Dec. Dig. § 459.*]

3. RELIGIOUS SOCIETIES (§ 31*)—CONTRACTS—AUTHORITY TO MAKE—EVIDENCE.

No particular form of evidence is required to show that a religious corporation authorized one to enter into a business contract for it.

[Ed. Note.—For other cases, see Religious Societies, Dec. Dig. § 31.*]

4. PLEADING (§ 36*)—ADMISSIONS—CONCLUSIVENESS.

An unqualified and unexplained verified answer of a religious society admitting that a contract was authorized by it is conclusive against it.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 81–86; Dec. Dig. § 36.*]

5. EVIDENCE (§ 208*)—PLEADINGS—ADMISSIBILITY.

Where the existence of the contract sued on is put in issue by amended pleadings, the original ·verified answer of defendant admitting the contract is admissible in evidence against him.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 713–725; Dec. Dig. § 208.*]

6. RELIGIOUS SOCIETIES (§ 31*)—BUILDING CONTRACTS—PARTIES BOUND—EVIDENCE.

Evidence *held* to support a finding that a contract between a contractor and the rector of a church for work and materials in the construction of a church building was a contract of the church corporation.

[Ed. Note.—For other cases, see Religious Societies, Dec. Dig. § 31.*]

7. REFERENCE (§ 58*)—POWER OF REFEREE—AMENDMENTS TO PLEADINGS.

A referee to whom the issues in an action are referred has no authority to allow an amendment to the complaint setting up a new cause of action.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 90; Dec. Dig. § 58.*]

8. CONTRACTS (§ 305*)—BUILDING CONTRACTS—DELAY IN COMPLETION OF WORK—EFFECT.

Where an owner does not terminate a building contract for the failure of the contractor to complete the work within the time specified, but permits the contractor to continue the work, he is estopped from interposing the delay as a complete defense.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 305.*]

9. CONTRACTS (§ 332*)—ACTIONS—PLEADING PERFORMANCE.

A contractor suing on a building contract need not allege and prove the reason why the work was not completed within the time specified; the contract not having been rescinded on that account.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 332.*]

10. PLEADING (§ 248*)—AMENDMENT—NEW CAUSE OF ACTION.

Immaterial matters introduced into an amended complaint cannot be said to introduce a new cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 686–709; Dec. Dig. § 248.*]

11. CONTRACTS (§ 346*)—PERFORMANCE—WAIVER—ADMISSIBILITY.

A complaint in an action on a building contract which alleges complete performance does not justify evidence of waiver of performance of either covenants or conditions in the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1732; Dec. Dig. § 346.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**12. CONTRACTS (§ 232*)—BUILDING CONTRACTS—STIPULATIONS FOR ADDITIONAL WORK—CONSTRUCTION.**

A stipulation in a building contract that the contractor shall make no claim for additional work, unless done in pursuance of written order from the architect, countersigned by the owner, refers wholly to work not called for by the contract as distinguished from alterations in the work, and is for the benefit of the owner who may waive compliance therewith or who by his conduct may be estopped from denying a recovery for the additional work, though the contractor did not procure written orders therefor.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1090; Dec. Dig. § 232.*]

**13. CONTRACTS (§ 232*)—BUILDING CONTRACTS—STIPULATIONS—WAIVER.**

An architect, made the agent of the owner for the purposes of a building contract stipulating that the contractor shall make no claim for additional work unless done in pursuance of the written order of the architect countersigned by the owner, has no authority to waive written orders for extra work, and his written orders are insufficient, unless countersigned by the owner or his duly authorized agent.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1090; Dec. Dig. § 232.*]

**14. EVIDENCE (§ 258*)—ADMISSIONS—BY AGENT.**

Where a contractor for the construction of a church building relied on the waiver of the church corporation of a stipulation in the contract that there should be no claim for additional work unless ordered by the architect countersigned by the owner, statements of the rector of the church indicating a waiver were inadmissible in the absence of evidence of authority to waive the stipulation.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1006; Dec. Dig. § 258.*]

**15. WITNESSES (§ 140*)—COMPETENCY—"INTEREST."**

Testimony of plaintiff contractors for the erection of a church building as to statements made by them as to the doing of extra work, and declarations made by the rector showing his knowledge of such work, were not incompetent within Code Civ. Proc. § 829, defining when a person interested in the event shall not be examined as a witness.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 140.*

For other definitions, see Words and Phrases, vol. 4, pp. 3692–3709; vol. 8, p. 7691.]

**16. COSTS (§ 12*)—DISCRETION OF COURT—STATUTES—"COSTS OF COURSE."**

Where a defendant who obtained judgment in his favor appeared in the action by the attorney represented by the codefendant, and united in the answer with him, and he was not personally put to any expense in the defense of the action resulting in a judgment for plaintiff against the codefendant, defendant was not entitled to costs as of course within Code Civ. Proc. §§ 3228–3230.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 12.*

For other definitions, see Words and Phrases, vol. 2, pp. 1633–1640; vol. 8, p. 7620.]

Appeal from Special Term, Kings County.

Action by Francis J. Kelly and others against St. Michael's Roman Catholic Church in the City of Brooklyn and another. From so much of the judgment as awarded judgment for plaintiffs against defendant named, it appeals, and from so much of the judgment as dis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

missed the complaint as to codefendant without costs he appeals. Reversed, and new trial granted in part and affirmed in part.

See, also, 124 App. Div. 505, 108 N. Y. Supp. 927.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Francis A. McCloskey, for appellants.

Robert H. Roy, for respondents.

BURR, J. Plaintiffs bring this action against St. Michael's Roman Catholic Church in the city of Brooklyn, sued as St. Michael's Roman Catholic Church, and Charles E. McDonnell, Bishop of the Roman Catholic Church for the Diocese of Brooklyn.

For a first cause of action they allege that on the 29th day of May, 1901, they entered into an agreement with the defendant St. Michael's Church to perform work, labor, and services, and furnish certain materials in connection with the construction of the church and rectory buildings. They allege full performance of such contract, and a balance remaining unpaid on account thereof amounting to the sum of $2,286.56.

For a second cause of action they allege that at the special instance and request of defendant St. Michael's Church, its agents and servants, they rendered and performed certain work, labor, and services, and furnished certain materials in and about the said church and rectory buildings, and also on the schoolhouse of said St. Michael's Church, in addition to that required under the said contract. An itemized statement of such extra work and materials is attached to the complaint. The value of such work and materials is stated to be the sum of $10,765.55.

The issues in this action were referred to a referee, who found as to the first cause of action that the work called for by the contract had been fully performed, and that the balance claimed to be due thereunder remained unpaid. As to the second cause of action, the referee found that during the progress of the work under the contract plaintiffs, at the instance and request of the architect, Raymond F. Almirall, and the defendant St Michael's Roman Catholic Church, performed certain work and furnished certain materials in addition to that which was required by the contract; which were reasonably worth the sum of $8,537.22. The referee found that these were furnished upon the oral order and direction of said architect, and the oral direction and request of defendant St. Michael's Roman Catholic Church, and that no orders in writing were given for the same. The referee also found that no cause of action had been established against the defendant Charles E. McDonnell. Judgment was entered in accordance with the report of the referee, and from such judgment each of the defendants appeal.

The evidence abundantly establishes the performance of the original contract, as well as the performance of work and the furnishing of materials not called for in such contract, of the value found by the said referee. The validity of such judgment is attacked, however,

upon several grounds not involving the performance of the work or the value thereof. Some of these it is necessary to consider.

[1] The defendants contend that the complaint is defective, in that it neither contains the substance of the alleged contract between the parties, with its conditions and qualifications, nor is there incorporated therein or annexed thereto the contract itself. It may be that the complaint was open to attack upon the ground that it did not state facts sufficient to constitute a cause of action, provided such attack had been seasonably made. No demurrer was interposed, and no motion was made upon the trial of the action calling in question its sufficiency until after the contract between plaintiffs and the defendant church had been offered and received in evidence without objection. It was then within the discretion of the referee to permit an amendment to the complaint in accordance with the evidence already received, which would have made it immune from attack. If necessary the complaint might now be deemed amended in that regard, and the refusal of the referee to dismiss the complaint for failure to state facts sufficient to constitute a cause of action at the time that the motion was made, does no present reversible error. Defendants further contend that the contract which was received in evidence is neither upon its face nor in fact the contract of the defendant church.

[2] In form it is one between Rev. Henry A. Gallagher, rector, party of the first part, and F. J. Kelly & Sons (the plaintiffs here), party of the second part. Nowhere in express terms does it purport to be the contract of the defendant church. But the contract is not under seal, and if it is the fact that the contract was made, as the complaint alleges, by the said rector, as the duly authorized agent of defendant St. Michael's Church, such defendant would be liable thereunder. The allegation in the complaint that this contract was the contract of the defendant church was admitted by the church in its original answer. During the progress of the trial before the referee, and after considerable testimony had been taken, and after the contract had been received in evidence without objection, plaintiffs asked to amend their complaint. The scope and purpose of this amendment will be subsequently considered. The application to amend having been granted, the defendant church then amended its answer, and for the first time denied that the contract which was in evidence was its obligation, or that the person executing the same was its duly authorized agent for that purpose.

[3] While it may be true that, as to religious and other corporations not engaged in business, a business act which charges them with liability must be shown to have been authorized before liability will attach (Karsch v. Pottier & Stymus Mfg. Co., 82 App. Div. 230, 81 N. Y. Supp. 782; People's Bank v. St. Anthony's R. C. Church, 109 N. Y. 512, 17 N. E. 408), no particular form of evidence is required to establish this, provided it is competent and sufficient. It is difficult to think of a higher order of evidence than the written admission of such corporation contained in an answer duly verified. Unqualified and unexplained, it would be conclusive.

[4] In this action the defendant church in the first instance, with

the solemnity required by an answer made under oath, admitted that the contract which is the basis of this action was its contract. Although in its amended answer it did deny that it had entered into any written contract or agreement "for the performance of the work, labor and services or the furnishing of the materials mentioned and described in the said amended complaint," this form of denial might be open to criticism as a negative pregnant, and therefore bad. Pomeroy's Code Pleadings (3d Ed.) §§ 618, 619. But, if it was sufficient to make the existence of the contract sued upon an issuable fact, its former admission was evidence against it and in favor of the plaintiffs. Davidson v. Village of White Plains, 197 N. Y. 267, 90 N. E. 825.

[5, 6] After the complaint had been amended, the original answer was offered and received in evidence as proof of this fact. To some extent, at least, this evidence was corroborated by the testimony of the defendant McDonnell, the bishop of the diocese, who was a member of the board of trustees of the defendant, and also of the advisory board of the diocesan consultants, to the effect that the plans, when drawn, were brought and presented to such advisory board, and that permission was given for the construction of the building according to the plans and specifications presented by the architect, and that they were then given to the rector, with permission to go ahead according to such plans and specifications. No testimony was offered on the part of defendants which tended in the slightest degree to weaken or impair the effect of this evidence, and the referee was entirely justified in finding that the contract sued upon was the contract of the defendant church. Defendants further contend that the granting of plaintiffs' motion to amend on the trial was beyond the power of the referee.

[7] If the amendment to the complaint set up a new cause of action, the referee was without power to grant the same. Collins v. St. Lawrence Club, 123 App. Div. 207, 108 N. Y. Supp. 287; Mitchell v. Bunn, 2 Thomp. & C. 486; Riley v. Corwin, 17 Hun, 597; Perry v. Levenson, 82 App. Div. 94, 81 N. Y. Supp. 586. Plaintiffs sought to amend their complaint as to the first cause of action in this regard. It appeared that the work called for by the written contract was not completed within the time specified therefor. The complaint alleged full performance of all the terms and conditions of said contract. By amendment plaintiffs sought to add the words:

"Excepting that the said work was not completed on the day fixed in the contract for the completion and the delay in the completion of the work was due to the fault of defendants, their agents and servants."

The character of defendants' fault was then specified. So far as this amendment is concerned, we think that it was unnecessary.

[8] If there is delay in the performance of a contract, if the owner of the property to be improved does not insist upon his strict legal right to put an end thereto for failure to complete within the prescribed time, and permits the contractors to continue the work, he will be estopped from interposing as a complete defense to an allegation of performance the contractors' delay. Kenny v. Monahan, 53 App

Div. 421, 66 N. Y. Supp. 10, affirmed 169 N. Y. 591, 62 N. E. 1096; Crocker-Wheeler Co. v. Varick Realty Co., 104 App. Div. 568, 88 N. Y. Supp. 412, 94 N. Y. Supp. 23; Gallagher v. Nichols, 60 N. Y 438; Dunn v. Steubing, 120 N. Y. 232, 24 N. E. 315.

[9] It was not necessary, therefore, when the contract had not been terminated, but defendants had allowed plaintiffs to proceed to the completion thereof, to prove the reason why the work was not done within the time specified.

[10] If it was not necessary to prove it, it was not necessary to allege it. The amendment, therefore, was immaterial, and did not change the cause of action.

[11] At the same time plaintiffs sought to amend the complaint so far as it referred to the extra work stated as a second cause of action by inserting therein the words:

"That the written orders for the doing of such work called for in the contract aforesaid were waived by the defendants."

It is well settled that under an allegation of full and complete performance evidence of waiver of performance of either covenants or conditions is inadmissible. Hoffman v. Met. Life Ins. Co., 135 App. Div. 739, 119 N. Y. Supp. 978; Allen v. Dutchess County Mut. Ins. Co., 95 App. Div. 86, 88 N. Y. Supp. 530; Williams v. Fire Ass'n of Philadelphia, 119 App. Div. 573, 104 N. Y. Supp. 100. The power of the referee to grant this amendment is, to say the least, questionable. But it is not necessary for us to finally determine this, as we have reached the conclusion that this judgment must be reversed upon another ground, and, before a new trial is had, application may be made to the Special Term for such amendment of the pleadings as may be necessary, upon such terms as may be just.

[12] With regard to extra work, the contract contained this provision:

"The contractor shall make no claim for additional work unless the same be done in pursuance of the written order from the architect, countersigned by the owner."

While this is to be construed as referring to work which is concededly not called for by the contract, and not to changes and alterations in the work intended to be governed thereby (Dwyer v. Mayor, 77 App. Div. 224, 79 N. Y. Supp. 17), plaintiffs allege, and the referee has found, that the work and materials for which recovery was had under the second cause of action were of the former character. This provision of a contract, being for the benefit of the owner of the property to be improved, may be waived, or by his conduct such owner may be estopped from contending that the plaintiff could not recover, notwithstanding the failure to procure such orders.

[13] But such waiver or such conduct creating an estoppel must be on the part of the defendant owner or his agent duly authorized. An architect, although he may be the general agent of the owner, is not his agent with regard to waiving the provisions of a contract requiring written orders for extra work. Langley v. Rouss, 185 N. Y. 201, 77 N. E. 1168. Even where, as in this case, the architect is ex-

pressly made the agent of the owner for the purposes of the contract, such agency, so far as it relates to directing that extra work should be done, is by the terms thereof limited to such orders and directions as he should give in writing, and even his written order would be insufficient unless countersigned by the owner or its duly authorized agent. Langley v. Rouss, supra; Woodruff v. R. & P. R. R. Co., 108 N. Y. 39, 14 N. E. 832. We have searched this record in vain for any evidence on the part of the defendant church which would amount either to a waiver or estoppel.

[14] Against the objection and exception of defendants, plaintiffs were permitted to testify to conversations with the architect, to the effect that at the beginning of the work he stated that:

"It was a pretty big job. He supposed there would be extras and changes, and for that reason he left in our office at the building a carbon copy pad to (sic); whenever there were any changes or any extras, he was to give us an order written on this pad, and one copy was to go to his office and one to ours."

They were also allowed to testify that the first time they asked him to write an order the pad was taken out of their office, and the architect told them he would send a regular form of order from his office. There is no contention that any such written orders were ever given.

[15] They were also permitted to testify against the objection and exception of defendants that in conversation with Father Gallagher, the rector of the church, they told him that:

"We were doing extra work there, and we hadn't received orders, and he said he knew that there was extra work being done, and that he would see that we were paid."

They further testified that they meant "by not getting orders for extra work that we didn't get, in all cases, written orders from the architect. In a couple of little cases we got written orders; in other cases we got verbal orders." This conversation with the rector of the church was objected to as generally incompetent, and particularly as being incompetent under section 829 of the Code of Civil Procedure. The latter objection we do not deem to be well founded. That the evidence was incompetent unless a foundation was laid for it by proof that the rector of the church was given general power and authority, not only in regard to the making of the original contract, but in regard to waiving any special provisions thereof, seems to us clear. Langley v. Rouss, supra; Woodruff v. R. & P. R. R. Co., supra; Fitzgerald v. Moran, 141 N. Y. 419, 36 N. E. 508; Dwyer v. Mayor, supra. In the Langley Case the court say:

"Where the contract contains express provisions that no allowance shall be made against the company for extra work, unless directed in writing under the hand of the engineer, or some other person designated, or unless some other requisite formality be complied with, the party who performs extra work upon the assurance of any agent of the company that it will be allowed by the company, without the requisite formality, must look to the agent for compensation, and cannot recover of the company either at law or in equity."

As this was all of the evidence in the case with regard to the waiver of the provisions of the contract requiring the obtaining of written or-

ders before making claims for extra work done or materials furnished, and as this evidence was clearly incompetent and insufficient, this judgment must be reversed. It may be that upon a new trial it will be quite easy to lay the necessary foundation to make the evidence of the rector of the church competent upon this point.

Several further objections were made to the right of the plaintiffs to recover, against the defendant church. We have examined each of them. None of them seems to possess merit.

[16] The defendant McDonnell appeals from so much of the judgment in his favor as denies to him costs. This matter was in the discretion of the referee. He had appeared in the action by the same attorney as did the defendant church, and they had united in an answer. . Under such circumstances, a successful defendant is not entitled to costs as of course. Code Civ. Proc. §§ 3228–3230. There seems to have been no reason for naming him as a party defendant, but it does not appear that he was personally put to any trouble or expense in the defense of the action, and we think, under the circumstances, that the referee's discretion was wisely exercised.

The judgment appealed from should be reversed as to the defendant St. Michael's Roman Catholic Church, and a new trial granted, costs to abide the event, and should be affirmed as to the defendant McDonnell, without costs. All concur.