### TRAITEL MARBLE CO. v. BROWN BROS., Inc.

(Supreme Court, Appellate Term. May 9, 1912.)

CONTRACTS (§ 284*)—MODIFICATION—BUILDING CONTRACT.
    Under a building contract, providing that no alterations should be made in the work, except on the written order of the architect, an alteration made on the architect's verbal order was unauthorized.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1292–1302, 1308–1317, 1326–1338, 1340–1346, 1350, 1351; Dec. Dig. § 284.*]

Appeal from City Court of New York, Trial Term.

Action by the Traitel Marble Company against Brown Bros., Incorporated. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Gannon, Seibert & Riggs, of New York City (Royal E. T. Riggs, of New York City, of counsel), for appellant.

Norbert Heinsheimer, of New York City, for respondent.

SEABURY, J. This action was brought to recover a balance of $1,022.34 alleged to be due from the defendant for materials furnished and labor performed under a written contract between the plaintiff corporation and defendant corporation. Under the contract the plaintiff agreed to—

"provide all the materials and perform all the work for the necessary completion of all tiling in apartment houses to be erected at northeast corner of 158th street and Riverside Drive, in accordance with the acceptance attached,

and as shown on the drawings and described in the specifications prepared by Floyd de L. Brown, architect," etc.

The contract further provides that:

"No alterations shall be made in the work, except upon the written order of the architect."

Attached to the contract is a letter of acceptance forming part thereof, which provides that the plaintiff was to furnish for the public halls and one roof landing hydraulic tile. The plaintiff laid tile known as "quarry" tile, instead of the "hydraulic" tile called for in the contract. The evidence shows, and the jury have found, that the architect consented to the substitution of the "quarry" tile for the "hydraulic" tile. It is clear, however, from the evidence, that no written order of the architect was made sanctioning the alteration, and that the defendant never ratified or confirmed the action of the architect.

The authority of the architect was expressly limited by the contract to such orders as he should give in writing, and as agent he could not enlarge his own powers by increasing the limitation which the written contract had placed upon them. Langley v. Rouss, 185 N. Y. 201, 77 N. E. 1168, 7 Ann. Cas. 210. The plaintiff sues upon the written contract, and, as the proof shows that the work was not done in accordance with the contract, it follows that the plaintiff cannot recover.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.