(85 Misc. Rep. 447)

## GRABER et al. v. BERGMAN.

(Supreme Court, Appellate Term, First Department.　May 14, 1914.)

LANDLORD AND TENANT (§ 152*)—REPAIR OF PREMISES—COVENANTS AND AGREEMENTS.

　　The requirement in a lease of written notice to the landlord of leakage through the roof, in order to hold him on his covenant to repair, was a mere condition precedent, and could be waived, as by a promise to repair upon an oral notice.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 152, 538–543, 545–549, 551–557; Dec. Dig. § 152.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by William Graber and another, copartners doing business as Graber & Wolff, against Samuel Bergman. From a judgment dismissing the complaint upon plaintiffs' opening and so much of the testimony as had been introduced, plaintiffs appeal. Reversed, and new trial granted.

Argued May term, 1914, before GUY, BIJUR, and PENDLE- TON, JJ.

Louis Halle, of New York City, for appellants.
Brown & Boskey, of New York City, for respondent.

BIJUR, J. The action was brought to recover for damages sustained to plaintiffs' goods from a leak in the roof on premises owned by the defendant. The lease between the parties provided, inter alia:

"The said lessor agrees to make * * * all repairs to the roof, * * * but it is understood that the said lessor shall not be liable to the said lessee for any damage caused by the leakage of the roof * * * unless the lessor neglects to repair same within a reasonable time after a *written* notice of such leakage is delivered to the said lessor."

At the trial plaintiffs offered to prove that the landlord had been given an oral notice and had promised to make the repairs, and contended that that was a waiver of the requirement of written notice.

The learned judge below was apparently of the opinion that the notice in writing was not or could not be waived. In this I think he was in error. The contract provided that the landlord should repair the roof. The giving of a written notice in case of a leak was a mere condition precedent to the right of a recovery for damages in case of a violation by the landlord of his covenant to repair, and as such it could be waived by the landlord or his duly authorized agent. See Clark v. West, 193 N. Y. 349, 86 N. E. 1; also Kiernan v. Dutchess, etc., Ins. Co., 150 N. Y. 190, 44 N. E. 698. The doctrine is also recognized in other cases, even though the court determined that the party who is claimed to have waived the condition did not have adequate authority thereto (see, for example, Langley v. Rouss, 185 N. Y. 201, 77 N. E. 1168, 7 Ann. Cas. 210), or because the liability was predicated on a different theory or on other circumstances. Pratt, Hurst & Co. v. Tailor, 135 App. Div. 1, 119 N. Y. Supp. 803. The intimation of a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contrary view in Gutman v. Folsom, 61 Misc. Rep. 304, 306, 113 N. Y. Supp. 691, does not go so far as respondent contends, and is, moreover, quite obiter to the decision of that case.

As the only point raised on the appeal under consideration relates to this waiver, the judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.