(97 Misc. Rep. 121)

NATIONAL BANK OF COMMERCE OF ROCHESTER v. CITY OF
WATERVLIET et al.

(Supreme Court, Trial Term, Albany County. October 20, 1916.)

1. CONTRACTS ⊂⊐232(4)—EXTRA WORK—AUTHORITY OF ARCHITECT.

When a contract provides that no extra work shall be allowed unless
a written order therefor shall be given by the architect, the architect can-
not bind the owner by oral order.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1089–1091;
Dec. Dig. ⊂⊐232(4).]

2. MUNICIPAL CORPORATIONS ⊂⊐360(7)—IMPROVEMENTS—CONTRACTS—WAIVER
OF PROVISIONS.

Though a contract for a city sewer system provided that no extra work
would be paid for or allowed unless done upon the written order of the
engineer, and that all bills for extra work must be submitted on the 1st
of the month following the completion of the work or they will not be
allowed, where amounts claimed for extras were recognized from time to
time by the engineer in his monthly estimates and by the city when thus
included by payment thereof, there was a waiver by the city of the pro-
visions of the contract with reference to extra work.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
892½; Dec. Dig. ⊂⊐360(7).]

3. MUNICIPAL CORPORATIONS ⊂⊐360(1)—CONTRACTS—PERFORMANCE OF WORK—
EXTRA WORK.

Where a claim is made for additional concrete, the contractors con-
tending that the excavation had to be enlarged beyond the lines shown on
the drawing of the city engineer, and there is no question as to the amount
of concrete used and the prices fixed, and no claim of negligence on the
part of the contractors in making the excavation, excepting unnecessarily
heavy charges used in blasting, allowance should be made therefor in
view of the fact that it was in fact an alteration by the city, and there
being no proof that a good foundation could have been had with less ex-
cavation.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
892; Dec. Dig. ⊂⊐360(1).]

4. MUNICIPAL CORPORATIONS ⊂⊐360(3)—CONTRACTS—PERFORMANCE OF WORK—
EXTRA WORK.

A claim for extra work, which the contract or specifications did not con-
template or require, but which was insisted on by the city, will be al-
lowed.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
892; Dec. Dig. ⊂⊐360(3).]

Action by the National Bank of Commerce of Rochester, N. Y.,
against the City of Watervliet and others. Judgment for plaintiff.

Lynn Bros., of Rochester (William F. Lynn, of Rochester, of coun-
sel), for plaintiff.

Albert J. Danaher, of Watervliet (William V. Cocke, of Albany,
of counsel), for defendant City of Watervliet.

RUDD, J. This action is brought by plaintiff upon an assignment
of moneys due under a contract between Leary & Morrison Company
and the city of Watervliet for the completion of what is known as

⊂⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the storm sewer system. The contract was completed on the 10th of October, 1914. The city then admitted an indebtedness to the contractors of $14,681.01, which was the amount of the final estimate as made by the city engineer. The plaintiff, as assignee of the interest of the contracting company under the assignment, claims that there was then due upon the contract, by virtue of difference in measurements and disputed extras, an additional sum of $1,177.20.

After issue was joined in this action a stipulation was made, which was spread upon the record, under which the city paid over to the plaintiff here the amount which the city claimed was due, namely, the sum of $14,681.01, reserving all rights to each of the parties, and the litigation proceeded. The issues tried were confined to the question of interest on the sum paid by the city under the final estimate from the time the payment was due down to the day when it was paid and the items which are alleged to be due to the contractors under the difference in measurements and disputed extras, which last named items aggregate $1,177.20.

The defendant city of Watervliet interposes a general objection to the cause of action which is covered by what are claimed as "extras" under that provision of the contract which reads, "No extra work will be paid for or allowed unless the same is done upon the written order of the engineer," and the further provision, "All bills for extra work must be submitted on the 1st of the month following the completion of the same or same will not be allowed." The complaint does not allege that these provisions of the contract were complied with, but it does allege that they "were, by mutual agreement and custom of the parties, duly waived and canceled."

[1] When a contract provides expressly that no extra work would be allowed unless, upon an itemized statement of such work, a written order covering the same shall be given by the architect in charge, such provision is binding and controlling; the architect having no authority to bind the owner by oral orders to contractor, for the reason that the contract expressly limits the authority of the architect. It has been well said that an agent cannot enlarge his own powers by waiving the limitations thereon. Langley v. Rouss, 185 N. Y. 201, 77 N. E. 1168, 7 Ann. Cas. 210.

[2] The contention here is that the principal made the waiver, the amounts claimed for extras were recognized from time to time by the engineer in charge, and such extras were by the engineer included in the estimates made by the engineer of the work done during certain months and the amounts due to the contractors therefor, and these amounts, which were actually for extra work done, were paid for by the city. No bills for extra work were as a matter of fact rendered, but items for extra work were recognized by the engineer by inclusion in the monthly estimates and by the city when thus included, by payment thereof. It seems entirely fair to conclude that there was by the city a waiver of the provision of the contract with reference to the rendering of bills for all extra work claimed to have been done.

We will therefore consider upon their merits the extras here claimed,

overruling the general objection thereto, taken by the defendant. The items for all extra work claimed aggregate $1,177.20, as follows:

Invert item.................................................$ 441.50
Extra concrete, lower dam.................................... 341.88
Oiling forms................................................ 393.82
                                                           ‾‾‾‾‾‾‾‾
                                                           $1,177.20

As to the first item, $441.50, amount claimed for compensation for excavation because of what plaintiff claims was an error in the engineer's system of measuring: The determination depends upon what is intended by the technical expression "invert line." The court can not determine from the evidence what was really intended, and further it seems to be reasonably certain that plaintiff has not presented evidence of sufficient weight to be controlling and thus this item claimed is not allowed.

[3] The next item is for additional concrete in lower dam, due as is claimed by defendant to unnecessary blasting; the plaintiff contending that the excavation had to be enlarged beyond the lines shown on the drawing of the engineer in order to get what was considered a proper foundation. There is no question as to the amount of concrete used and the price is fixed. There is no claim of negligence on the part of the contractors in making the excavation, except possibly that the engineer concluded that unnecessarily heavy charges were used in the blasting; but, considering the character of the rock, the fact that the amount of concrete for which charge is made was actually used, that this was in fact but an alteration by the city of the line or quantity of work, and the absence of proof that a good foundation could have been had with less of excavation, the city should pay this item of $341.88.

[4] The claim for oiling forms is justified, for the reason that the contract or specifications did not contemplate or require the oiling of wooden forms. The defendant attempted to show that good engineering required it; some testimony was to that effect and some that it did not. The contractors were not required to do what the contract did not call upon them to do, and inasmuch as the defendant insisted upon their oiling all wooden forms, the city having the benefit, if there was any, payment should be made for the reasonable value thereof, which was $393.82.

The amount due from the city on the contract was payable November 10, 1914. A dispute arose because of the claims covered by the items heretofore mentioned, and under a stipulation the city paid what it admitted to be due to the plaintiff under the assignment, namely, the sum of $14,681.01, leaving for determination on this action the items of extras and the interest claimed on $14,681.01 from the 10th of November, 1914, to the date of payment by the city under the stipulation, the 18th of April, 1916. The plaintiff is entitled to interest on $14,681.01 from November 10, 1914, when it was payable, and also from the same date on the items allowed at $341.88 and $393.82.

Judgment may be entered accordingly.